GILMORE v. HANNIBAL & ST. JOSEPH R. R. CO., *Appellant.*

**The Texas Cattle Act Unconstitutional.** The Texas Cattle Act, (1 Wag. Stat., p. 251, Sec. 1,) is in conflict with that provision of the constitution of the United States, which confers upon Congress the power to regulate inter-State commerce. (Const. United States, Art. 1, Sec. 8.)

*Appeal from Ray Circuit Court.*—HON. GEORGE W. DUNN, Judge.

*Geo. W. Easley* for appellant.

*Joshua F. Hicklin* for respondent, cited *Kenney v. H. & St. Jo. R. R. Co.,* 62 Mo. 476; *Gurney v. H. & St. Jo. R. R. Co.,* 62 Mo. 476.

NORTON, J.—This suit was instituted before a justice of the peace in Clinton county, to recover damages alleged to have been sustained by plaintiff by reason of the transportation of Texas cattle in the cars of defendant. The plaintiff obtained judgment before the justice, and also in the circuit court of Ray county, where the cause had been removed by change of venue, from which defendant has appealed to this court. The suit is founded on Sec. 1, Wag. Stat., 251, prohibiting the introduction of Texas,

Mexican or Indian cattle into the State, between the 1st day of March and 1st day of November, unless they had been kept the entire previous winter in the State, and rendered railroad companies transporting such cattle through the State, liable to damages resulting from Spanish or Texas fever occurring along the line of such transportation. The sole question presented to us, is the constitutionality of this act, and this has been settled by the Supreme Court of the United States in the case of the *Railroad Company v. Husen*, 95 U. S. R. 465, in which it is held that said section is obnoxious to that provision of the constitution of the United States, which declares that "Congress shall have power to regulate commerce with foreign nations and among the several States and with the Indian tribes." The case before us is controlled by the principle decided in that case, and the judgment is reversed, in which all the judges concur.

REVERSED.