Urton, *Plaintiff in Error*, v. Sherlock.

**Texas Cattle Act.** The Supreme Court of the United States in *Railroad Co. v. Husen*, 95 U. S. 465, and this court in *Gilmore v. Hannibal & St. Joseph R. R. Co.*, 67 Mo. 323, decided the 9th as well as the 1st section of the act restricting the importation of Texas, Mexican and Indian cattle, to be unconstitutional and void.

*Error to Johnson Circuit Court.*—Hon. N. M. Givan, Judge.

Affirmed.

    *Comingo & Slover* for plaintiff in error.

    *Boggess & Sloan* for defendant in error.

    Ray, J.—This cause was commenced before a justice of the peace in Bates county, on the 19th day of July, 1873, on the following account or statement, to-wit:

Nicholas Sherlock, David Cantwell and Washington Campbell, to Albert Urton, Dr.

To amount of loss sustained and damages done the cattle of said Urton, by reason of the communication of the disease commonly known as the Texas or Spanish fever to the cattle of said Ur-

ton, from the Texas, Mexican or Indian cattle, unlawfully brought into the State, to-wit: Between the 1st day of March and the 1st day of November, 1873, by said Sherlock, Cantwell and Campbell,    .    .    .    .     $1,000.00

Before the justice, the plaintiff had judgment, from which an appeal was taken to the circuit court, where the cause was dismissed, and the case brought to this court, where, in October, 1875, it was reversed and remanded. See *Urton v. Sherlock*, 61 Mo. 257. After that the case was removed to Cass, and thence to Johnson county, by change of venue, where the defendants filed their motion to dismiss the cause, stating substantially as the ground thereof: 1st. That the court had no jurisdiction of the subject matter of the suit. 2nd. That the statute, under which the action is brought, is unconstitutional and void. This motion was, by the court, sustained, and the plaintiff, at the time, excepted to the opinion of the court in this behalf. The action of the court in sustaining this motion, is assigned as error, and is the only error complained of.

Since this case was here before, the questions involved in the above rulings of the Johnson circuit court, have been expressly passed upon and settled by the Supreme Court of the United States in the case of the *Railroad Co. v. Husen*, 95 U. S. 465, in which it is held that the statute of Missouri, upon which the action, in the State court, was founded, was in conflict with the clause of the constitution of the United States that ordains " Congress shall have power to regulate commerce with foreign nations, and among the several states, and with the Indian tribes." The Missouri statute, involved in that case, is the same upon which this action is founded, and was there declared to be unconstitutional and void. This court, also, in the case of *Gilmore v. Hannibal & St. Joseph R. R. Co.*, 67 Mo. 323, recognizes and affirms the doctrine above announced in *Railroad Co. v. Husen.* The case at bar, it would seem, is

necessarily controlled by the principle decided in 95 U. S. and 67 Mo., above cited. The appellant, however, seeks to withdraw this case from the operation of the principle involved in the cases in 95 U. S. and 67 Mo., above cited. He seeks to predicate this suit upon the 9th section alone, of the Missouri statute in question, and claims that that section, properly construed, is a legitimate exercise of the admitted police power of the State, and not obnoxious to the charge of attempting to regulate inter-state commerce or trans- portation, plainly involved in the 1st section of said act. The appellant seems to regard the 1st section of said stat- ute as alone involved in these decisions. In this, we think he misconceives the scope and extent of the decisions in question. An examination of the records in these cases will show that all of said actions are predicated upon both sections 9 and 1 of the Missouri statute, and that both sec- tions are involved and expressly held to be unconstitutional and void. From the brief statement in the case of *Gilmore v. Hannibal & St. Joseph R. R. Co.*, 67 Mo. 323, it might be inferred that the 1st section alone, of the statute, was in- volved in that case; but an examination of the original record shows that that case also was based on both sections 9 and 1 of said statute. We cannot, therefore, see how the attempted distinction claimed by appellant can be main- tained. The case at bar is also based on both of said sec- tions, and is clearly within the operation and purview of the decisions above cited. The Johnson circuit court, therefore, committed no error in dismissing said cause. Its judgment is, therefore, affirmed. All the judges concur.