THE STATE *ex rel.* CANTWELL *et al., Appellants,* v. STARK.

1. **The Texas Cattle Act:** ATTACHMENT BOND: DAMAGES. The obligors in an attachment bond given in a suit brought under the Texas Cattle Act to recover damages allowed by that act, cannot plead the invalidity of the act in avoidance of their liability on the bond.

2. ———— : ———— : MEASURE OF DAMAGES. In an action on such a bond the recovery is not confined to the damages that may have occurred by reason of the attachment, but may include any damages directly occasioned by any process or proceeding in the suit.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*Boggess, Cravens & Moore, C. W. Sloan* and *R. T. Railey* for appellants.

Granting that the whole of the Texas cattle law was unconstitutional and void; that the justice had no jurisdiction of the subject matter of the suit on account of the amount involved; that all the process and proceedings had and made by him were void; and that he, the constable, and all concerned therein were trespassers, and still the bond was not void. It was not authorized, required or taken by reason of or pursuant to any provision of the Texas cattle law; hence, was not dependent thereon for its validity, and consequently could not be invalidated thereby. It was made by parties capable in law of making the same and binding themselves by its provisions. It was executed pursuant to section 5, page 182, Wagner's Statutes. It

was taken by an officer authorized and required to take such a bond, as a condition precedent to issuing a writ of attachment. It was. not taken by and to the officer as a consideration for his doing an unlawful act; but to the State as an indemnity to a certain designated class of persons, against the consequences of wrongfully suing out and wielding the writ of attachment. It was voluntarily made by defendants for the purpose aforesaid and needed no consideration for its support. There is no statute which forbids the making or impairs the validity of such bonds. These obligors by means of it obtained the attachment; with that they seized relators' property to their damage, and compelled them, as the only lawful method of regaining the possession to incur the damage and pay the expenses, for which they now sue. Shall defendants escape the legitimate consequences of their wrongful and injurious conduct because they proceeded under an unconstitutional statute and in a court without jurisdiction? *Henoch v. Chaney,* 61 Mo. 129; *Barnes v. Webster,* 16 Mo. 258, 265; *Williams v. Coleman,* 49 Mo. 325; *State v. Thomas,* 17 Mo. 503; *Graves v. McHugh,* 58 Mo. 499; *Henry v. State,* 9 Mo. 769; *State v. Hesselmeyer,* 34 Mo. 76.

*Wooldridge & Daniel* for respondents.

The supposed law under which the action was commenced before the justice being unconstitutional and void, the justice had no jurisdiction of the subject matter of the action, and no authority to receive, exact or approve the bond sued on. It is, therefore, without any valid consideration and void, and no action can be maintained upon it. *Bayless v. Bank,* 15 Ohio 606, 619; *Benedict v. Bray,* 2 Cal. 251; *State v. Randolph,* 26 Mo. 213; *State v. Ferguson,* 50 Mo. 409; *Adams v. Wilson,* 10 Mo. 341; *Garnet v. Rodgers,* 52 Mo. 145; *Kinsar v. Shands,* 52 Mo. 326; *Moore v. Damon,* 4 Mo. App. 111; *Hessey v. Heitkamp,* 9 Mo. App. 36; Cooley Const. Lim., (4 Ed.) side p. 188; 2 Hilliard on

Torts, (3 Ed.) p. 189, § 3; *C. & A. R. R. Co. v. Erickson*, 91 Ill. 613; *s. c.*, 33 Am. Rep. 70; *Thompson v. Lockwood*, 15 John. 256; *Cable v. Cooper*, 15 John. 152; *Harris v. Simpson*, 4 Littell 165; *Sherry v. Foresman*, 6 Blackf. 56; *Moore v. Allen*, 3 J. J. Marsh 621; *Homan v. Brinckerhoff*, 1 Denio 184; *Parker v. Henderson*, 1 Ind. 62; *Blackman v. State*, 12 Ind. 556; *Cassell v. Scott*, 17 Ind. 514; *Caffrey v. Dudgeon*, 38 Ind. 512; *Marshall v. State*, 8 Blackf. 162; *State v. Lynch*, 6 Blackf. 190; *Silver v. Governor*, 4 Blackf. 15; *Tarbell v. Gray*, 4 Gray 444; *Green v. Haskell*, 24 Me. 180; *Libby v. Main*, 2 Fairf. 344; *Bridge v. Ford*, 4 Mass. 641; *Barnes v. Whittaker*, 45 Wis. 204; *Dillard v. St. L., K. C. & N. R'y Co.*, 58 Mo. 69; Freeman on Executions, § 100 and note; *Byers v. State*, 20 Ind. 47; *Germond v. People*, 1 Hill 343; *Perry v. Henley*, 14 B. Mon. 474; *Buckingham v. Bailey*, 4 Sm. & M. 538; *Olds v. State*, 6 Blackf. 91; *Willcy v. Strickland*, 8 Ind. 453; *Gregg v. Wooden*, 7 Ind. 499; *Ohio, etc., R. R. Co. v. Hanna*, 6 Ind. 391; *Wilson v. Hobday*, 4 M. & S. 121; *Myers v. State*, 19 Ind. 127; *Macey v. Titcomb*, 19 Ind. 135.

HENRY, J.—This is a suit on an attachment bond executed by defendants in an attachment proceeding instituted by Stark and Merriott against relators, before a justice of the peace in Bates county, to recover $800 damages to stock of said Stark and Merriott, by reason of the communication of the Texas or Spanish fever to said cattle, by Texas, Mexican or Indian cattle, unlawfully brought into this State by said relators. The attachment bond contained the statutory stipulations, and on the trial in the circuit court, to which the cause was appealed, that court held that relators could not maintain an action on the bond, because the act under which the principal suit was prosecuted, and in which the bond was given, was unconstitutional and void.

That act has been declared void by the Supreme Court of the United States, and its decision has been followed by

this court in several recent cases. *Gilmore v. R'y Co.*, 67 Mo. 323; *McAllister v. Chicago & R. I. R. R. Co.*, 74 Mo. 352; *Railway Co. v. Husen*, 95 U. S. 465; *Urton v. Sherlock, ante*, p. 247. In the last of these cases it was held that the entire act is a nullity. Many cases have been cited by respondents' counsel in support of the ruling of the circuit court. *Benedict v. Bray*, 2 Cal. 254, and numerous cases decided by the supreme court of Indiana, are to that effect; but in *McDermott v. Isbell*, 4 Cal. 114, the court observed: " It has been frequently held by this court that a party who avails himself of the process of an inferior court, cannot escape the responsibility of his own act, upon the ground that such tribunal had no jurisdiction over the subject matter in controversy. Consequently a party who sues out a writ of replevin from a justice of the peace having no jurisdiction, and obtains the property in an action on the replevin bond cannot set up as a defense the want of jurisdiction of the justice." In *Caffrey v. Dudgeon*, 38 Ind. 516, the court remarks that: " It is. the settled law of this state, that where a bond or recognizance is taken by an officer or court acting simply under statutory power, the instrument taken must be authorized by the statute, or it will be void, and in suing upon such an instrument, the complaint must set out the facts showing that the bond or recognizance was taken in a case where the law authorized it; and in many cases, it must appear that it was taken exactly or substantially in accordance with the statutory power." Such, however, is not the doctrine on that subject in this State, and the adjudications in Indiana are, therefore, not applicable. *Henoch v. Chaney*, 61 Mo. 129. Nor are those cases, cited from our own reports, in which an appeal bond, filed out of time, has been held to impose no liability upon the makers, in point. There, no substantial benefit is secured by the appellant by means of the bond. Here, by means of the attachment bond, the plaintiffs in that suit obtained possession of relators' property, and we are utterly unable on principle to

distingush between this and a replevin suit instituted in a justice's court, of which that court has no jurisdiction, in which, by virtue of the bond, the plaintiff gets possession of the property sued for. We are aware of a conflict of authority on the subject, but are inclined to adhere to the decisions of this court in cases analogous to this, and believe the more reasonable doctrine to be that which holds the bondsman responsible under the facts here presented.

The conditions of the bond are that plaintiffs " shall prosecute their action without delay and with effect, * * and pay all damages that may accrue to any defendant or garnishee by reason of the attachment or any process or proceeding in the suit, or by reason of any judgment or process thereon." The plaintiffs are not confined in their recovery to damages that may have accrued by reason of the attachment, but by the express terms of the bond, they are entitled also to recover for any damages directly occasioned by any process or proceeding in the suit.

The judgment is reversed and the cause remanded. All concur.