State of Missouri to use of C. S. Hayden et al., Respondent, *v.* Patrick McHale et al., Appellants.

**February 24, 1885.**

1. Attachment — Action on Bond — Practice — Form of Verdict. —In an action on an attachment bond, where several items of damage are alleged, the jury in their verdict properly specify the damages under each allegation.

2. —— A refusal to receive such a verdict is not ground for a reversal, where the jury immediately return a verdict for the aggregate amount of their first findings.

3. —— ATTACHMENT BONDS ASSIGNABLE — SET-OFF. — The assignee of an attachment bond may sue thereon in his own name, but the defendant may have the benefit of any off-set he would have had against the assignor.

4. —— PLEADINGS — DAMAGES ON BOND — ATTORNEY'S FEES — EXPENSES.— In an action on an attachment bond allegations that the plaintiff "was required to pay out large sums of money in the defence of the suit, and suffered a loss of time in attending thereto, and was deprived of the use of the money attached, and was injured in his business," etc., are sufficient to warrant a recovery for attorney's fees and extra expenditures in the suit.

5. —— PRACTICE — MOTIONS. — Where the defendant claims that allegations of special damage in such an action, are not sufficiently explicit to advise him of the elements of damage, he should move to have the petition made more definite and certain.

6. —— PLEA IN ABATEMENT — ATTORNEY'S FEES. ═ In such an action, where the attachment was dissolved on the hearing of the plea in abatement, the plaintiff can recover only for such counsel fees as are incurred in sustaining the plea in abatement.

7. —— In such an action, where the attachment is not dissolved until final judgment on the merits, the judgment on the plea in abatement being for the plaintiff, a reasonable fee for attorney's services on the trial of the merits may be recovered.

8. —— EXPENSES. — Cash paid out for the examination of books and for a transcript of the record, if the expense therefor was necessarily incurred in the preparation of the defence, is recoverable in such an action.

9. —— A stenographer's services are not, as matter of law, a necessary expense of a trial, and in such an action there can be no recovery for such services unless they are shown by the evidence to have been necessary.

10. —— INTEREST. — In such an action, interest on the money attached, by garnishment, may be recovered by way of damages.

11. —— EXCESSIVE VERDICT — REMITTITUR — APPELLATE COURTS. — In such an action, the appellate court may, where the damage is excessive, reverse the judgment for that cause, unless the respondent will, by stipulation, remit the amount of the excess.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed nisi.*

W. H. CLOPTON, for the appellants: An attachment bond is not assignable. — Rev. Stats., sects. 408, 409.

The only person who can maintain an action on the bond is' the defendant in the suit in which the bond was given. — *Davis* v. *The Commonwealth*, 13 Gratt. 138; *Rospelin* v. *Browndon*, 7 La. 231; *Edwards* v. *Turner*, 6 Rob. (La.) 382. The declaration fails to aver the non-payment of the damages sustained by the principal in the bond, and is therefore bad. — *Michael* v. *Thomas*, 27 Ind. 501; *Urig* v. *Snex*, 32 Ind. 493; *Ryder* v. *Thomas*, 32 Iowa, 56; *Horner* v. *H.*, 37 Iowa, 378; *Prindy* v. *H.*, 1 Mont. 367; Drake on Attach., sect. 168. The petition does not state a cause of action as to attorney's fees. — *The State* v. *Blakeman*, 51 Mo. 320. Attorney's fees for the trial on the merits can not be allowed. — *Roe* v. *Thompson*, 19 Mo. 613; *Clifford* v. *Beldsmeier*, 56 Mo. 227; *Kelly* v. *Beauchamp*, 59 Mo. 178; *Cantwell* v. *Stark*, 75 Mo. 569; *Whyte* v. *Wiley*, 17 Ala. 167. There can be no recovery for attorney's fees unless the fees have been paid, or contracted to be paid, and are proved to be reasonable. — *Schultz* v. *Morrison*, 3 Metc. (Ky.) 98; *Johnson* v. *Farmer's Bank*, 4 Bush, 282; *Doe* v. *Perkins*, 8 B. Mon. 198; *Lucas Bank* v. *King*, 73 Mo. 590.

W. B. Thompson, for the respondent: The judgment in this case is for the damages that the plaintiff's assignor sustained by reason of the attachment, including any damages directly occasioned by any process or proceeding in the suit. — *The State to use* v. *Thomas*, 19 Mo. 613; *The State to use* v. *Beldsmeier*, 56 Mo. 226; *The State ex rel.* v. *Stark*, 75 Mo. 556.

Rombauer, J., delivered the opinion of the court.

What kind of damages an obligee in an attachment bond, given in pursuance of the statute, is entitled to recover from the obligors in a suit upon the bond for breaches thereof, is a question of law. It follows from this, that where there is no controversy whatever as to the amount of

the various items which are claimed as damages in such suit, the judgment stands upon unquestioned facts and is a mere conclusion of law.

In this cause, the suit being one upon an attachment bond, the plaintiffs, who are assignees of the bond, set out in their petition the giving of the bond, and its terms, which are statutory. They also set out the garnishment of several debtors of the defendant in the attachment, and the seizure of debts in their hands, and assign as a breach of the bond a final judgment in favor of defendant in the attachment upon the merits. Their petition made the following averment as to the damages sought to be recovered in this suit : —

"Plaintiffs further state that by reason of the attachment and garnishments and suit aforesaid, and in consequence of breaches of said bond, the said Gustus Oertel (the obligee in the bond) was required to pay out and expend large sums of money in the defence of said suit, and suffered a loss of time, in attending thereto, and was deprived of the use of the property so attached, and was injured in his business by reason of the levy and seizure of said sums of money under said attachment and sustained other damages and injuries, etc., amounting to $4,100.00."

There was a verdict for plaintiffs for $926.00 consisting, according to the statements of the jury in a verdict rejected by the court but preserved in the record, of the following items : attorney's fees, $368 ; Oertel's expense, $162 ; interest claimed, $396. Total, $926.00.

The court upon rejecting this verdict instructed the jury in writing to find a general verdict for a gross sum and they thereupon returned a verdict for plaintiffs for $926.00, and the court rendered judgment for the penalty of the bond $4,100, with award of execution for the amount found by the jury and costs.

For the reason first herein above stated we need not examine defendant's numerous objections to the evidence nor the

instructions of the court given and refused. The judgment rendered must stand or fall according to the law applicable to the unquestioned testimony and the detailed finding of the jury. The defendants requested that the first and detailed verdict, brought in by the jury, be received and filed, and excepted to the action of the court in refusing to do so. But while the action of the court in refusing to receive that verdict was manifest error, we can not see how the defendants were prejudiced by it, since the second verdict is for the same amount, and the first verdict is preserved in the record so as to enable us to examine the findings of the jury in detail.

The substantial objections now made by defendants in this court are : —

1. That an attachment bond is not assignable and the assignees can not maintain an action thereon in their own name.

2. That the plaintiff's petition does not contain a sufficient averment of special damages so as to entitle them to recover counsel fees, extra outlays, and interest.

3. That the obligee in the bond can not recover counsel fees for trying the merits of the suit after judgment on the plea in abatement, nor expenses incident to the suit which could not be taxed as costs.

4. That the award of the jury on account of interest is excessive.

We have examined these objections and find : —

1. The first objection is not well taken, nor is it sustained by the cases cited by defendants. These cases simply hold that no one can sue on an attachment bond unless he is within its provisions. Moreover, this objection being simply that plaintiffs have no legal capacity to sue, has been waived, as the defect, if any appears upon the face of the repetition, and defendants have not demurred. There is no merit in defendant's claim, that by the fact that the suit is brought in the name of the assignee they have lost the

benefit of a set-off which section 409 of the Revised Statutes gives to them. They could have asserted their set-off against the assignee, but their answer affirmatively shows that the pretended set-off of defendant McHale, consists of a claim on an unsettled partnership account, is unliquidated, and is not a proper subject of set-off under our statute. *Johnson* v. *Jones*, 16 Mo. 494; *Mahan* v. *Ross*, 18 Mo. 121.

2. The second objection is not well taken. An averment in a petition, of special damages claimed is necessary to prevent the defendant's being taken by surprise at the trial. The case of *The State* v. *Blackman* (51 Mo. 320), relied on by defendants goes no farther. The averments in this petition are sufficiently specific to admit evidence of every item of special damages claimed by plaintiffs on the trial, and are much fuller than the averments made in *Hayden* v. *Sample* (10 Mo. 217), and *Kelly* v. *Beauchamp* (59 Mo. 180), where the same objection was made and overruled. It was in defendants' power if they were not sufficiently advised of the details of plaintiff's claim to compel them by motion to make their petition more definite and certain.

3. The third objection, though well taken in part, is avoided in part by the peculiar facts of this case. It seems to be settled that attorney's fees and other expenses incident to a suit, which are recoverable as damages in a suit on the attachment bond, are confined to such as are incurred in obtaining a dissolution of the attachment. That is the rule in suits on injunction bonds. *Boatmantel* v. *Stewart* (55 Cal. 115); *Hovey* v. *Rubber Tip Co.* (12 Abb. Pr. (N. s.) 360, 372), and those are in that respect analagous to suits on attachment bonds. But in this case the judgment on the plea in abatement was in favor of plaintiff in the attachment suit, the attachment was therefore not dissolved until defendant obtained a final judgment in his favor on the merits. The trial of the suit upon its merits thus became necessary to obtain a dissolution of the attachment. The

testimony of experts as to the value of professional services in this case, not being testimony touching facts, but mere matter of opinion, was not conclusive. Yet, as the uncontradicted testimony placed the value of attorney's services at from $900 to $950, and the jury by their award fixed that value at $360 only, we are in a position to say that the award, on that particular account is not excessive and the defendants are not in a position to complain. The next allowance covered by this objection, "Oertel expense, $162," is composed of three items, and interest on their aggregate. The first of these items is $50 cash paid out for examination of books, and the last $5 paid for transcript of a record. The terms of the bond make the obligees responsible for all damages and costs that may accrue to defendant by reason of any process or proceeding in the suit. The uncontradicted testimony shows that these expenses were necessarily incurred in a proper preparation of the defense. If so they are clearly covered by the terms of the bond. This, however, can not be said of the third item which is $83, paid to a stenographer for his *per diem* and writing out testimony to prepare bill of exceptions. There is evidence in the record that the amount paid was reasonable, but no evidence that the expense was necessary. We can not, as a matter of law, decide that a stenographer's services are a necessary expense of a trial; facts and circumstances may make them so, but in that event those facts and circumstances must be shown. This allowance of $83, and interest was therefore unwarranted, an excess of $97.

4. The fourth objection, however, is unquestionably well taken. We will concede that the jury in the absence of positive proof to the contrary on the presumption that things shown to have existed are presumed to continue, were justified to find that defendant Oertel was the holder of the Heman note, when Heman was garnished as his debtor. We will further concede that as that note was payable without interest, he, in consequence of the garnish-

ment, lost the interest, or the value of the use of the money which, in absence of other proof would be legal interest. Still that interest so lost for the entire period while the garnishment remained in force was only $276.16 and not $396, as stated by the jury in their verdict. There can be no pretence under the testimony that the defendant in the attachment lost any interest on account of the other garnishment.

To the extent of $216.84 the verdict is clearly excessive as a matter of law under the evidence and finding, and the judgment must be reversed unless the plaintiffs will within five days after the filing of this opinion remit such excess by stipulation filed in this court, and if they file such stipulation the judgment will be affirmed. All the judges concur.