THE STATE TO THE USE OF JOHN LURTON, Respondent,
v. SAMUEL LARABIE ET AL., Appellants.

**St. Louis Court of Appeals, March 22, 1887.**

ATTACHMENT—BONDS—DAMAGES.—In an action for damages upon an attachment bond, whether the attachment was dismissed or was dissolved on a trial of the plea in abatement, the only damages recoverable are such as are connected with the attachment, or with some proceeding connected therewith.

APPEAL from the St. Charles County Circuit Court, W. W. EDWARDS, Judge.

*Reversed and remanded.*

C. DAUDT, for the appellants : The damages awarded can not be legally recovered in this action. *The State to use v. McHale*, 16 Mo. App. 479 ; *The State to use v. Thomas*, 19 Mo. 613 ; *The State to use v. Beldsmeier,* 56 Mo. 226 ; *The State to use v. Stark*, 75 Mo. 566.

THEODORE BRUERE and T. F. MCDEARMON, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an action upon an attachment bond. The attachment was sued out in an action which appears to have been commenced under section 2122, Revised Statutes, for damages for the death of the wife of the plaintiff in the attachment suit. The original petition in that suit charged the defendant with unlawfully and *feloniously* killing the wife of the plaintiff. The attachment was sued out under the provisions of sub-section 12, of section 398, Revised Statutes, which is as follows : "In any court having competent jurisdiction, the plaintiff in any civil action may have an attachment.

against the property of the defendant, or that of any one or more of several defendants, in any one or more of the following cases: * * * XII. Where the damages for which the action is brought are for injuries arising from the commission of some felony or misdemeanor, or for the seduction of any female." The defendant in the attachment suit filed a plea in abatement, and thereupon the plaintiff voluntarily dismissed the attachment, and leave was granted to him to file an amended petition, and to the defendant to plead thereto. Subsequently, the plaintiff filed an amended petition which was substantially the same as his original petition, except that instead of charging that the killing was unlawful and felonious, it charged that it was unlawful and *negligent.* The defendant in the attachment suit filed an answer to the petition ; trial was had before a jury ; a verdict was rendered for the defendant and a judgment was entered thereon. Upon the bond given in order to obtain the attachment, the present action is prosecuted. The terms of attachment bonds are prescribed by section 404, Revised Statutes, and are conditioned "that the plaintiff shall prosecute his action without delay and with effect; refund all sums of money that may be adjudged to be refunded to the defendant, or found to have been received by the plaintiff and not justly due to him ; and pay all damages and costs that may accrue to any defendant or garnishee, by reason of the attachment, or any process or proceeding in the suit, or by reason of any judgment or process thereon." The attachment bond on which the action applies literally follows the language of the statute.

Against the objections of the defendants, evidence was admitted of the proceedings subsequent to the voluntary dismissal of the attachment, and as to the value of the legal services rendered by the attorneys of the defendant in the attachment suit (plaintiff in this action), and as to other costs and expenditures incurred

in defending the previous action on the merits. It is perceived that the question for decision in this case is, whether, where· the attachment is dissolved on a plea in abatement, or voluntarily dismissed prior to proceedings on the merits, damages can be recovered on the attachment bond for the costs and expenses incurred in subsequently defending the suit on the merits. This question was not, as the appellants' counsel suppose, decided by this court in *The State to use v. McHale* (16 Mo. App. 478). It is true that the opinion of the court contained the following language : "It seems to be settled that attorneys' fees and other expenses incident to a suit, which are recoverable as damages in a suit on the attachment bond, are confined to such as· are incurred in obtaining a dissolution of the attachment. That is the rule in suits on injunction bonds." The court, in support of this *dictum*, cite two cases from other jurisdictions relating to injunction bonds, which so hold. The court had had under consideration about that time, the subject of the damages which are recoverable upon an injunction bond, where a provisional injunction is granted and dissolved prior to the final decree, and the statement contained in the above language seems equally applicable to attachment bonds. But no such question was before the court for decision, as will appear from the next clause in the opinion: "But in this case the judgment on the plea in abatement was in favor of the plaintiff in the attachment suit ; the attachment was, therefore, not dissolved until the defendant obtained a final judgment in his favor on the merits. The trial of the suit upon its merits thus became necessary to obtain a dissolution of the attachment." Further on, after referring to certain items of expense which the evidence tended to show, including the attorneys' fees, the court said : "The terms of the bond make the pledgees responsible for all damages and costs that may accrue to the defendant by reason of any process or proceeding in the suit. The uncontradicted testimony shows that

the expenses were necessarily incurred in a proper preparation of the defence. If so, they are clearly covered by the terms of the bond."

It thus appears that this court did not have before it in *The State to use v. McHale* (16 Mo. App. 478), the question which arises upon the present record ; but that, in that case, as in the three cases in the supreme court, which are relied upon by the plaintiff in this action (*The State to use v. Thomas*, 19 Mo. 613 ; *The State to use v. Beldsmeier*, 56 Mo. 226 ; *The State ex rel. v. Stark*, 75 Mo. 566), the attachment was not dissolved until final judgment in favor of the defendant upon the merits, and a contest of the ground of the action upon the merits was necessary to procure a dissolution of the attachment. In all such cases as the above, these decisions hold that the damages which arise in a subsequent action upon the attachment bond embrace, not only those direct damages which the plaintiff has sustained from the issuing out of the attachment, but also include the costs and expenses of defending the suit on its merits. This extended statement is proper for the purpose of showing that the learned judge of the circuit court was not bound by our intimation, above quoted, as a controlling authority.

But, while the question is now apparently presented for decision for the first time in this state, we feel bound to say that the language above quoted from our decision in *The State to use v. McHale* (16 Mo. App. 478), embodied the clear impression of all the members of the court as to the law under our present statute ; and, to the rule thus stated, after reëxamining the question, we adhere. It should be observed that all of the decisions above cited, from the supreme court, arose upon the statute as it stood prior to the revision of 1879. This revision introduced a new rule on the subject in section 439, which, among other things, recites.: " If the plaintiff, in case the judgment be against him (on the plea in abatement), fails to appeal from such judgment, or, if

such appeal be dismissed, or, if such judgment against him be affirmed, the plaintiff and his sureties shall be liable, on their bond, for all damages and costs occasioned by the attachment, or any subsequent proceedings connected therewith ; and, after such failure of the plaintiff to appeal, or after such dismissal or affirmance, the defendant may plead to the merits, and the suit shall proceed to final judgment on the cause of action therein alleged, as though commenced originally by summons alone." The meaning of this language is too plain for doubt. It means that, where the attachment is dissolved on a plea in abatement, the damages recoverable upon the bond must spring out of the attachment, or out of some subsequent proceedings connected with the attachment. This section is to be construed, *in pari materia*, with section 404 ; and, being a later enactment, it places a distinct limitation upon the meaning of the language of that section, in respect of the damages recoverable upon the attachment bond.

It is true that the case under consideration does not fall within the literal terms of section 439, since the attachment was not dissolved by a judgment of the court on the plea in abatement, which was filed ; but, when the plea in abatement was filed, the plaintiff, instead of contesting his right to maintain the attachment, voluntarily dismissed the same. The rule of damages in an action on the attachment bond must be the same in the one case as in the other ; since it would be absurd to hold that the plaintiff, by voluntarily dismissing the attachment after plea in abatement filed, would put himself and his own sureties in a worse condition in respect of damages arising on the attachment bond, than they would have been in if he had put the defendant to the additional expense of a contest and trial under the plea in abatement.

But our conclusion becomes still more clear when we consider the nature of the amended petition, which

the plaintiff filed subsequently to his dismissal of the attachment. This amended petition struck out from the cause of action, as stated in the original petition, the word "feloniously," and substituted in its place the word "negligently." While this did not, as the appellants contend, change the cause of action, it did exscind from the statement of the cause of action the only ground on which, under our statute, the attachment could have been maintained upon the other facts stated. Thereafter the suit could not have proceeded *as an attachment suit*, and "any subsequent proceedings" in the suit would not have been "occasioned by the attachment," or "connected therewith," within the meaning of section 439. The costs and charges to which the defendant in the attachment suit (the plaintiff in this action) was put, subsequently to the dissolution of the attachment, were, therefore, not recoverable in the action upon the attachment bond. Whether, but for this amendment, other costs in the case than those connected with the attachment proceedings, could be recovered by suit upon the bond, it is not necessary to decide.

The judgment of the circuit court is accordingly reversed, and the cause remanded. Rombauer, J., concurs. Lewis, P. J., absent.