STATE *ex rel.* MIDLAND TRANSFER COMPANY, Respondent, v. B. F. COOMBS *et al.*, Appellants.

### Kansas City Court of Appeals, June 15, 1896.

**Attachment: BOND: DAMAGES.** In an attachment suit where the defendant gives the bond required by the statute to release the property and thereby dissolves the attachment and wins his case on the merits, he is entitled to recover on the attachment bond the attorney's fees paid in the defense on the merits.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*J. B. Hamner* for appellants.

The only question in this case is, can there be recovered damages on an attachment bond for defending the suit on the merits, after the attachment is dissolved. There are four cases in the Missouri reports which hold that damages may be recovered on attachment bonds for defending on the merits. *State v. Thomas,* 19 Mo. 613; *State v. Beldsmeier,* 56 Mo. 226; *State v. Stark,* 75 Mo. 566; *State v. McHale,* 16 Mo. App. 478. But in all of them the attachment was not dissolved until a final trial on the merits. There is but one case in the Missouri reports, *State v. O'Neill,* 4 Mo. App. 221, where the attachment was dissolved and damages recovered for defending on the merits. By reading this case, on page 224, where it speaks of what Judge SHERWOOD says in *State v. Beldsmeier,* 56 Mo. 229, it will readily be seen that Judge LEWIS did not see nor make the distinction which was made in *State v. Larabie,* 25 Mo. App. 211. In this last case

the court say (page 211): "All these decisions arose upon the statute prior to the revision of 1879," and then cite the present statute of 1889, section 562, and say (page 212): "The meaning of this language is too plain to doubt. It means that where the attachment is dissolved on a plea in abatement, the damages recoverable upon the bond must spring out of the attachment or out of some subsequent proceedings connected with the attachment. This section is to be construed *in pari materia* with section 404, and, being a later enactment, it places a distinct limitation upon the meaning of the language of that section in respect of the damages recoverable upon the attachment bond." The costs and charges to which defendant in attachment suit was put subsequently to the dissolution of the attachment were, therefore, not recoverable in the action upon the attachment bond." R. S. 1879, sec. 439; R. S. 1889, sec. 562; Session Acts of 1891, p. 45; *Fry v. Estes*, 52 Mo. App. 1; *State v. McKeon*, 25 Mo. App. 680.

*Porterfield & Pence* for respondent.

(1) "Damages may be recovered by the defendant in a suit by attachment in case of judgment in his favor on the merits of the case." *State v. Thomas*, 19 Mo. 613; *State v. Beldsmeier*, 56 Mo. 226; *State v. Stark*, 75 Mo. 566; *State v. McHale*, 16 Mo. App. 478; *Hotel Co. v. Sauer*, 65 Mo. 289; *Railroad v. Shepley*, 1 Mo. App. 256; *Myers v. Smith*, 29 Ohio St. 124. (2) In an action on an attachment bond where the property attached has been released on defendant's bond for dissolving the attachment given during the pendency of an action, damages may be recovered for losses and expenses incurred, including attorney's fees, in defending the attachment as well after as before the dissolution thereof. *State v. O'Neill*, 4 Mo. App. 221.

GILL, J.—This is an action on an attachment bond. In September, 1891, H. D. Coombs (who is the mother of these defendants) brought suit by attachment against the relator, Midland Transfer Company, and the defendants were sureties on Mrs. Coombs' bond. The Midland Transfer Company was, at the time, engaged in the transfer business at Kansas City, and the attachment was levied on its entire stock of horses, wagons, etc. In order to release this property and to permit it to continue business, the transfer company gave bond to the plaintiff in attachment, as provided for in section 568, Revised Statutes, 1889, and in a sum sufficient to secure whatever judgment, with interest and costs, the plaintiff therein might obtain, and thereby secured a dissolution of the attachment and a release of its stock, vehicles, etc.

The cause then proceeded to trial on the merits. It originated in the justice's court and was prosecuted by appeal to the circuit court and thence to this court (58 Mo. App. 112), in all of which there was judgment for the defendant, Midland Transfer Company. Thereupon said transfer company instituted this action on the attachment bond to recover such damages as it had suffered by reason of the attachment. On a trial in the circuit court, plaintiff had judgment for $300 and the defendants appealed.

On this appeal the sole question is, whether or not, in a suit on the attachment bond, the plaintiff in this case, but defendant in the attachment, is entitled to recover the attorney's fees necessarily paid out by it in defeating the action on the merits. In other words, should plaintiff's recovery be limited to the costs and expenses incurred up to the time it gave the bond provided for in section 568, and thereby effected a release of the attached property.

The attachment bond on which the defendants are

charged was, in the words of the statute, "conditioned that the plaintiff (Mrs. Coombs) shall prosecute her action without delay and with effect * * * and pay all damages and costs that may accrue to the defendant * * * by reason of the attachment, or any process or proceeding in the suit," etc.

It is clear, now, that Mrs. Coombs, the attaching plaintiff, did not perform the condition of her bond. She did not successfully prosecute her action; she had no claim against the defendant upon which to base an attachment. She must, then, pay all damages and costs that accrued to the defendant by reason of the attachment or any process or proceeding in the suit. In order to defeat this wrongful action (and attachment), so brought by Mrs. Coombs, the Midland Transfer Company was compelled to hire lawyers and incur other expenses. These attorneys' fees, then, it would seem, would come under the designation of "damages and costs that accrued to the defendant by reason of the attachment." If the transfer company had directed its efforts alone to the defeat of the action on the merits—had filed no plea in abatement (which it did not)—and had succeeded in defeating the suit altogether, then all the attorneys' fees and other expenses thereby incurred in defeating the action would have been recoverable in a suit on the attachment bond. *State to use of Clifford v. Beldsmeier*, 56 Mo. 226; *State to use of Roe v. Thomas*, 19 Mo. 613.

But it is contended that, because the transfer company came into court and gave its bond, with approved security, to satisfy any judgment that the attaching plaintiff might recover, and thereby secured a dissolution of the attachment, it lost its right to recover the expenses thereafter incurred in defeating the main case. This exact question was presented to the St. Louis court of appeals in *State to use v.*

*O'Neill*, 4 Mo. App. 221, and it was there held that in an action on an attachment bond, where the property had been released on defendant's bond given during the pendency of the action, damages may be recovered for losses and expenses incurred in defending the attachment suit, after, as well as before, the dissolution of the attachment. Judge Lewis, speaking for the court, uses this language: "The condition of the attachment bond required that the principal therein should pay all damages and costs that might accrue to any defendant or any garnishee by reason of the attachment, or any process or proceeding in the suit. These words, in themselves, have but one meaning, and that is plainly at variance with the defendant's interpretation. We find nothing in the circumstances, or in the supposable purposes of the attachment law, to authorize a departure from the literal terms of the condition. If, after the dissolution of an attachment, a trial on the merits should result in favor of the plaintiff, there might be some reason in limiting his liability on the bond to damages growing out of the attachment process. In all that followed, he would be pursuing his right, and for this he would be answerable to nobody. But when the whole proceeding fails, it proves that he was in the wrong from first to last. The law has always discouraged the liberal use of the attachment process, by annexing certain risks and liabilities to that summary proceeding. Formerly, in this state, the failure of the attachment on the plea in abatement was the failure of the action. But if the attachment was sustained, and the plaintiff failed on the merits, the damages recoverable on the bond were uniformly held applicable to the entire suit." *State v. Thomas*, 19 Mo. 613. The court discusses and approves the opinion of the supreme court in the *Beldsmeier* case, and says: "Defendants assume a distinction arising

from the fact that the attachment was dissolved. But that can have no possible bearing unless to strengthen the case against them. This must be obvious from what has already been said. The mode of dissolution subjected the plaintiff's intestate to the necessity of giving bond and procuring satisfactory security thereon, in order to release his property; thus incurring a new liability for himself and his surety, which was kept alive until the determination of the suit.''

After a careful consideration of the decision just quoted from we feel constrained to adopt its views. It has not been overruled or criticised by any subsequent case. While that section of the statute law authorizing the defendant in attachment to enter into a bond to the plaintiff, and thereby secure a discharge of the attachment, is said to *dissolve* the attachment, the giving of such bond does not in reality remove altogether the attachment proceeding. It only amounts to a *substitution* of the bond for the property attached. If the suit is not thereafter successfully defended on its merits, the defendant and his sureties will be held to answer on the bond. A defeat, then, of the action on the merits is necessary to avoid liability on the bond given by the defendant. The defendant was bound to do this to protect himself and his sureties. The attachment is, to a certain extent, still in existence, until a successful defense of the main case is reached. And in this respect, the case in hand differs from that line of decisions relied upon by defendant's counsel. It will be noticed in all these cases, that the attachment was either dissolved on a finding for defendant on plea in abatement, or the attachment was dismissed by the plaintiff. In such cases the only counsel fees or other expenses, recoverable in suit on the attachment bond, are such as accrued in obtaining a dissolution of the

attachment. *State to use v. Larabie*, 25 Mo. App. 208; *Fry v. Estes*, 52 Mo. App. 1.

In our opinion, the circuit court correctly held the defendants liable for attorneys' fees paid by the transfer company in defending the action on the merits, and the judgment will therefore be affirmed. All concur.