BLOUNT v. AMERICAN LEAD & BARYTA CO.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1908.)

No. 2,670.

ATTACHMENT—VACATION—BOND.

Rev. St. Mo. 1899, § 413 (Ann. St. 1906, p. 501), provides that attachments may be dissolved on motion on defendant's behalf at any time before final judgment when defendant appears and pleads to the action and gives bond conditioned that the property, effects, and credits shall be forthcoming and abide the judgment rendered, or when the defendant shall appear and plead and give a bond conditioned that defendant will pay to plaintiff the amount which may be adjudged in plaintiff's favor on or before the first day of the next term after judgment; and section 414 declares that when any attachment shall be dissolved all proceedings touching the property and effects attached, and the garnishee summoned, shall be vacated, and the suit shall proceed as if commenced by summons only. Held that, where an attachment was dissolved on the

giving of a forthcoming bond, defendant could not thereafter join issue on and demand a trial of the grounds originally alleged for the attachment; and this, though plaintiff took leave to amend his grounds of attachment after the attachment had been dissolved.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Edward D'Arcy (E. M. Dearing, on the brief), for plaintiff in error.

Richard S. Culbreth (Carter, Collins & Jones, on the brief), for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and PHILIPS, District Judge.

ADAMS, Circuit Judge. Plaintiff, Blount, instituted his action at law against the Baryta Company to recover an amount of money due him on open account. Summons was duly issued, and the defendant appeared and pleaded to the action by filing a general denial of liability. Later plaintiff sued out a writ of attachment in aid of his suit and caused certain personal property to be seized thereunder. In due time defendant, having already appeared and pleaded to the action, executed and delivered to plaintiff a good and sufficient bond, approved by the court, in double the value of the property attached, conditioned that the property should be forthcoming to abide the judgment which might be rendered in the case, and thereupon moved that the attachment be dissolved. This motion was sustained by the court, and a formal order entered "that the attachment issued in said cause be, and is hereby, dissolved." The cause came on for trial, and the court, against the objection and exception of plaintiff ordered that the issue raised by the plea in abatement be first tried. This was done, and resulted in a verdict by direction of the court in favor of the defendant, whereupon another formal order was entered "that the attachment in this cause be, and the same is hereby, dissolved and vacated at the costs of said plaintiff." Immediately thereafter the cause went to trial on the merits, resulting in a verdict and general judgment for the plaintiff on his original cause of action. This writ of error challenges the correctness of the order below requiring plaintiff to proceed to a trial on the plea in abatement and the judgment pronounced thereon.

Sections 413 and 414 of the Revised Statutes of Missouri of 1899 (Ann. St. 1906, p. 501) are as follows:

"Sec. 413. Attachments in courts of record or before justices of the peace may be dissolved on motion made in behalf of the defendant at any time before final judgment in the following cases: * * * Second. When the defendant shall appear and plead to the action and give bond to the plaintiff with good and sufficient security to be approved by the court in double the amount of the property, effects and credits attached, conditioned that such property, effects and credits shall be forthcoming and abide the judgment which shall be rendered in the cause when and where the court shall direct. Third. When the defendant shall appear and plead to the action and give like bond and security in a sum sufficient to satisfy the amount sworn to in behalf of the plaintiff with interest and costs of suit conditioned that the defendant shall pay to plaintiff the amount which may be adjudged in favor

of plaintiff, interest and all costs of suit on or before the first day of the next term after that at which judgment shall be rendered.

"Sec. 414. When any attachment shall be dissolved all proceedings touching the property and effects attached, and the garnishee summoned, shall be vacated, and the suit shall proceed as if it had been commenced by summons only."

These sections of the statute present two ways of securing a dissolution of an attachment without a trial of the issue raised by a plea in abatement. Both of them are concessions to a defendant whose property is attached, and are to be availed of by him at his option and on the conditions prescribed. If the property attached is of less value than the amount sued for, he can and probably would avail himself of the first-mentioned provision, and secure a dissolution of the attachment by giving a bond conditioned for the forthcoming of that property only to abide the judgment which might be ultimately rendered in the case. If, on the other hand, the property attached equals in value the amount sued for, he can and probably would secure the dissolution by resorting to the second-mentioned method, and give a bond conditioned for the payment of the entire judgment which might ultimately be rendered against him. Whether one bond or the other is given the result is the same. The attachment is dissolved, and all proceedings touching the property and effects attached are vacated. The legislative intent seems perfectly clear, namely, to enable a defendant in an attachment suit to secure a dissolution of the attachment and convert the extraordinary suit by attachment into a simple and usual one by summons only. This intent is expressed in three ways, by providing, first, for a direct judgment that the attachment be dissolved; second, that all proceedings touching the property and effects attached be vacated; and, third, that the suit shall thereafter proceed as if instituted by summons only.

Defendant secured the advantage of the possession and use of the property attached pending the litigation by accepting the conditions which the law imposed of entering a general appearance to the cause, permitting the same to proceed as if instituted by summons only, and subjecting itself to the possibility of a general judgment in favor of plaintiff. Manifestly defendant cannot now be permitted to join issue upon and demand a trial of the grounds originally alleged for the attachment. That would violate the condition imposed by law that the case should proceed as if instituted by summons only, and would subject plaintiff to the consequences of defeat on an abandoned issue. All proceedings in relation to the attachment were superseded by the giving of the bond and securing a dissolution of the attachment by the defendant. The Supreme Court and Court of Appeals of Missouri have in effect so held. Payne v. Snell, 3 Mo. 409; State, to Use, v. Fargo, 151 Mo. 280, 52 S. W. 199; Haber v. Klauberg, 3 Mo. App. 342, and cases cited.

The Fargo Case relates to the dissolution of an attachment by the giving of a bond under the third subdivision of section 413, conditioned for the payment of the judgment which might ultimately be recovered; but, as all the incidents of such a dissolution are by statute made equally applicable to a dissolution by giving a forthcoming

bond, we think the doctrine of that case is clearly applicable to this. The only order or judgment permissible when an attachment is dissolved as a result of a hearing upon the plea in abatement is that the attachment "be dissolved." The futility of such a hearing is apparent, when a judgment of exactly that kind has already been rendered.

Some point is made that plaintiff took leave to amend his grounds for attachment after the attachment itself had been dissolved. This does not impress us seriously. It is an instance of prudence which the result below rendered commendable. That act of abundant precaution cannot operate to reinstate an issue once definitely and finally disposed of. The jurisdiction of the court over that issue had been exhausted. The foregoing conclusion renders consideration of the other errors assigned unnecessary. It results that the learned trial court erred in compelling the plaintiff to go to trial on the issue tendered by the plea in abatement. The only issue for trial was on the merits of the cause.

The judgment below dissolving the attachment as a result of the hearing on the plea in abatement is therefore reversed, and the cause remanded to the court below, with directions to take proper proceedings to enforce the payment of the judgment rendered on the merits.