THEDA BOEKHOFF, Appellant, v. CAROLINE GRUNER, Respondent.

St. Louis Court of Appeals, November 24, 1891.

1. **Attachment**: ACTION TO CHARGE THE SEPARATE ESTATE OF A MARRIED WOMAN. A writ of attachment, sued out in an action to charge the separate estate of a married woman, is void *ab initio*.

2. ———— : EFFECT OF JUDGMENT FOR DEFENDANT ON THE MERITS. A final judgment for the defendant on the merits in an attachment suit dissolves the attachment, notwithstanding the rendition of a judgment for the plaintiff on the plea in abatement.

3. **Action to Charge Separate Estate of a Married Woman:** SUFFICIENCY OF THE EVIDENCE. The evidence in this case is *held* to have been insufficient to establish that the property sought to be charged was the separate estate of a married woman, in that it appeared therefrom that this property was the stock on hand, six months after the discoverture of the woman, in a store conducted by her both while covert and discovert, and in that it did not appear what part of the stock, or whether or not the whole thereof, was purchased with means acquired by her after her discoverture.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Christian & Wind*, for appellant.

*Lubke & Muench*, for respondent.

ROMBAUER, P. J.—The record in this case is very imperfect. A number of docket entries, which were offered in evidence by the defendant in support of her plea of former recovery, are omitted therefrom. The brief of plaintiff's counsel assigns no specific errors, but is confined to stating some abstract propositions of law without showing their bearing on any ruling of the court upon the trial. We gather, however, from the written argument that is presented to us on plaintiff's behalf, that she complains on the grounds that the judgment is against the evidence, and that the court erred in embodying in its final judgment entry an order quashing or dissolving the attachment, because such final judgment was rendered after lapse of the term in which plaintiff had recovered a judgment on the plea in abatement.

In regard to the second complaint it suffices to say that it is not apparent how the plaintiff is aggrieved by the form of the judgment entry. The attachment, under the decision of the supreme court in *Gage v. Gates*, 62 Mo. 412, 417, and of this court in *Brumback v.*

*Weinstein*, 37 Mo. App. 520, was void *ab initio* as a matter of law. Beyond this, a final judgment for defendant on the merits in any attachment suit necessarily dissolves the attachment, regardless of any judgment on the plea in abatement. Any contrary holding would lead to the absurd result of justifying the seizure of the defendant's property on mesne process, although the plaintiff is conclusively shown to have had no cause of action against him whatever. Argument on the question, however, is precluded by the ruling of the supreme court in *State to use v. Beldsmeier*, 56 Mo. 226.

We might also dispose of the other supposed complaint, that the judgment is not warranted by the evidence, by simply stating that, as all the evidence offered is not embodied in the record, we are not in a position to review the facts, as we do in equity cases, the present case being of that character. We prefer, however, to dispose of the case on the more substantial ground, that the plaintiff is not entitled to the relief prayed for upon her own showing.

The action is one to charge the separate personal property of a married woman with debts contracted by her on the faith thereof. The property sought to be charged consists of a stock of goods in a grocery store carried on in the usual course of trade by the defendant, both while she was covert and after her discoverture, which took place about six months prior to the institution of the suit. It was not shown that the property sought to be charged was in the store when the debts were contracted, nor was it shown that the property sought to be charged was the mere substitution of other property which the defendant had acquired by investment of any of her separate means, so as to make it chargeable under the rule stated in *Chicago Coffin Co. v. Fritz*, 41 Mo. App. 389, and *Baer v. Pfaff*, 44 Mo. App. 35. The inference that the defendant might have bought the property, now sought to be charged, with means which came to her after she became discovert,

was in no way negatived by anything in the record. Therefore, assuming, for the sake of argument, that the plea of former adjudication which is set up in defendant's answer was in no way borne out by the documentary evidence omitted from the record, yet the judgment of the trial court was fully warranted, as the plaintiff failed to make proof of certain facts, essential to her right of recovery in this form of action.

All the judges concurring, the judgment is affirmed.