HILL *et al.*, *Appellants*, v. BELL *et al.*

Division One, June 20, 1892.

1. **Attachment:** PLEA IN ABATEMENT: PRACTICE. Where one of two defendants in an attachment suit files no plea in abatement, he thereby confesses the truth of the matters charged in the affidavit.

2. ——: ——: ——. Where there is a plea in abatement and a finding thereon for the plaintiffs the court should render a judgment sustaining the attachment, but if the finding is for the defendant the judgment should be that the attachment be abated at the costs of the plaintiff and his sureties.

3. ——: PARTNERS: PRACTICE. An attachment against one partner alone levied on partnership property binds only the interest of the attached partner, and this is true, although all the partners are defendants in the suit, and the debt sued upon is one due by them as partners.

4. ——: ——: ——. The attached partner's interest so bound by the writ is his share in the surplus after payment of the firm debts.

5. ——: ——: ——. Where an attachment has been issued against two partners, but the finding is for one on his plea in abatement, it must be abated as to him and be sustained as to the one making no defense.

6. ——: ——: MINOR'S DISAFFIRMANCE OF CONTRACTS. The partnership property is not, by reason of the abatement of the attachment as to the partner pleading, lost to the firm creditors, but must be applied

to the firm debts, even though the partner so pleading was a minor at the time the debt sued on was incurred and on becoming of age disaffirmed all his contracts.

*Appeal from Pemiscot Circuit Court.*—Hon. H. C. O'Bryan, Judge.

Reversed and remanded.

*R. B. Oliver, S. F. Andrews, W. L. Ward* and *Silver & Brown* for appellants.

(1) The court committed error in refusing to sustain plaintiff's motion for a default against defendant Tistadt. This motion was made at the opening of the trial and renewed at the close of plaintiffs' evidence, and should not have been overruled. "When a party fails to plead to the action, judgment should be taken against him by default, and not be submitted to a jury to try the issues, because there was no issue joined, and unless he appears and pleads the presumption is that he has no defense, and the plaintiff is entitled to judgment by default." 5 American & English Encyclopedia of Law, title, Default, p. 487; *Froust v. Bruton,* 15 Mo. 619. A judgment by default may be taken against one defendant even after a demurrer has been sustained as to the others. *Lyon v. Page,* 21 Mo. 104. So, where a judgment by default is rendered against one, his codefendant cannot defend for him on the merits. *Hungerford v. Fay,* 51 Mo. 106. The refusal to allow the judgment by default to go was a serious injury to plaintiffs, for otherwise they would have sustained their attachment, saved their debt, which was against a copartnership, and relieved themselves of liability on the attachment bond. (2) The court erred in overruling plaintiffs' exceptions to its rulings on the evidence. (3) The trial court further erred in

Hill v. Bell.

making its finding on the plea in abatement against plaintiffs. An attachment on the ground that the defendants are about to fraudulently dispose of their property to hinder and delay their creditors is sustained by proof that one of the copartner defendants was about to dispose of the partnership property. *Obear Co. v. Cole*, 26 Mo. App. 5. (4) When a man by his words or acts causes another to believe in the existence of a certain state of things, and induces him to act on that belief so as to injuriously alter his previous position, the former will be concluded from averring as against the latter a different state of things at that time. *Garnhart v. Finney*, 40 Mo. 449, 462; *Sav. Ass'n v. Kehlor*, 7 Mo. App. 158. "The primary ground of the doctrine of estoppel is that it would be a fraud to assert what one's previous conduct had denied, when on the faith of that denial others have acted." Anderson's Dictionary, title, Estoppel. "A party cannot even encourage an act to be done, and then exercise a legal right in hostility to such act to the injury of the party obeying the intimations." *O'Brien v. Weld*, 92 U. S. 81. (5) Tistadt's disposing of the firm assets, Bell's repudiation of his obligations on the ground of his minority, the deed of trust to his mother, and the other facts and circumstances in evidence, fully warranted the attachment.

*Wilson Cramer* for respondent Bell.

(1) The plea in abatement sworn to by the defendant Bell put in issue as to both the defendants the grounds for attachment set out in the affidavit. (2) Plaintiffs were not entitled to judgment by default on the attachment as against defendant Tistadt. If no plea in abatement at all had been filed, the court could not by any order or judgment in the case have taken

notice of the attachment. (3) If plaintiffs were entitled to judgment by default against Tistadt on the merits, the refusal of the court to enter such judgment is not a matter for review in this appeal from the decision on the plea in abatement. (4) Every possible view of the case is fully covered by the instructions, and the finding of the court is fully sustained by the evidence. Respondent Bell prays, therefore, that the judgment of the court below may be affirmed.

BLACK, J.—The plaintiffs are partners doing business in St. Louis as cotton factors and commission merchants, under the name of Hill, Fontaine & Co. They brought this suit by attachment against Robt. L. Bell and Charles Tistadt, on the fourth of February, 1889, to recover some $10,000 for goods sold and moneys advanced defendants. The amended affidavit for attachment places the indebtedness at $6,105, because of a payment made. It sets out four or five grounds of attachment, one being "that defendants have fraudulently concealed, removed and disposed of their property and effects, so as to hinder and delay their creditors."

The defendant Bell filed a plea in abatement in which he says, "It is not true that the defendants have fraudulently conveyed and assigned their property and effects so as to hinder and delay their creditors." The other grounds of attachment are denied in a like manner. After the plaintiffs and defendant Bell had announced ready for trial on the plea in abatement, the plaintiffs asked for judgment against Tistadt, which was refused. A like motion was made with a like result at the close of the evidence for the plaintiff in chief.

The evidence shows that defendants were partners doing business at Caruthersville in Pemiscot county as merchants and dealers in cotton, under the firm-name

of Bell & Tistadt, and as such partners incurred the debt sued for. They disagreed in the conduct of their business, and in view of this fact Bell purchased or agreed to purchase the interest of his partner, assuming the payment of partnership debts, as we understand the evidence. This agreement was made on the ninth of January, 1889. They started to St. Louis to see the plaintiffs on the same day, and were there on the eleventh of that month. Bell then informed the plaintiffs of the disagreement, and at the same time made an agreement with them whereby they were to advance him some $3,000 to buy the interest of Tistadt. Pursuant thereto plaintiffs gave Bell $500. The plaintiffs advised Bell at the same time to continue the partnership. On the twenty-fifth of the same month the defendants notified the plaintiffs that they had forty-five bales of cotton in the seed, for which they had given their due bills, and asked an advance of $600. The plaintiffs supposed the defendants had concluded to continue their partnership relation and forwarded the $600, but stopped the same *in transitu,* because of a letter received from Bell. In this letter Bell informed them that he had become of age on the twenty-fourth of January; that he had determined to disaffirm all of his contracts of a mercantile character; that they could take such action as seemed to them best as to the debt of Bell and Tistadt; that they had better send an agent to see Tistadt; stating also that he saw no ground for attachment against Tistadt. Bell's alleged excuse for disaffirming his contracts was that he had been imposed upon by Tistadt as to the amount of the partnership debts. Thereupon the plaintiffs sent their agent, Mr. O'Donnell, to the defendants' place of business. He got some thirty-two bales of cotton, but being unable to collect the balance of the debt commenced this suit.

The further evidence in support of the attachment is in substance this: Mr. Hill, one of the plaintiffs, says that in the conversation had with Bell on the eleventh of January, Bell accused his partner of being a thief and of taking money from the cash receipts and not accounting for the same, and that he had caught Tistadt doing this on two occasions; hence, the desire to buy out Tistadt. Mr. O'Donnell testified to the same thing, but being asked what amount Bell said his partner took answered probably $100 in one instance, and $60 or $70 in another. Bell says he did not make these alleged statements; that what he said was this, that the cash register fell short $25, and he was satisfied Tistadt took it; that he may have mentioned one other transaction in which Tistadt got some little articles out of the store for himself. The substance of his evidence is that he informed plaintiffs of his belief as to these matters, but that he had no proof of them, and did not want to continue the partnership.

There is other evidence to the effect that Bell had possession of the store from the ninth to the twenty-fifth of January, at which date he disaffirmed the contract whereby he purchased the partnership property.

On this state of the case, the court sitting as a jury found for the defendants, and gave judgment "that the plaintiffs take nothing by their writ of attachment herein, and that the defendants have and recover of the plaintiffs" their costs in and about the attachment proceedings.

1. The principal complaint is that it was error prejudicial to the plaintiffs to refuse a default against Tistadt; that if a default had been allowed the plaintiffs would have sustained their attachment, saved their debt against the defendant partners, and relieved themselves from liability on the attachment bond.

Although the plea in abatement filed by Bell is, in form, a denial for himself and Tistadt of the matters stated in the affidavit for attachment, still it is the plea of Bell only. Tistadt filed no plea, and he thereby, for himself, confessed the truth of the matters stated in the affidavit. Now the motion was simply one for judgment against Tistadt. If by this motion the plaintiffs desired a judgment by default for failure to answer the petition, then the ruling on the motion is not before us for review; for this appeal simply brings up the proceedings on the attachment. If they desired a default for failure to plead in abatement, then the answer was and is that they were not entitled to such a judgment. Where there is a plea in abatement and the finding thereon is for the plaintiffs, the court should render a judgment sustaining the attachment; but if the finding is for defendant then the judgment should be that the attachment be abated at the cost of the plaintiff and his sureties. Revised Statutes, 1889, sec. 562. Where the defendant files no plea in abatement, the attachment stands in full force and effect without any interlocutory judgment. There is no such a thing known to our practice as a default for a failure to plead in abatement to a writ of attachment.

The real question seems to be whether the trial court rendered the proper judgment on the finding for Bell on his plea. Though the judgment is informal in that it does not, in terms, abate the attachment, still it declares that the plaintiffs take nothing by their writ of attachment. This is, in effect, a judgment abating the attachment as to both defendants. Although it is not stated in any of the pleadings that defendants were partners, it was conceded throughout the trial that they were partners, and that the debt sued upon was a partnership debt, and that the writ of attachment was

levied upon partnership property. The case, therefore, is this:

Both partners were sued upon a partnership debt, the writ of attachment ran against both of them, and was levied upon partnership property; one defendant only pleaded in abatement, and the finding thereon was in his favor. Should the judgment following this finding abate the entire attachment, or abate it only as to the defendant filing the plea?

It is to be observed in the first place that partners are in this state liable, jointly and severally, for the partnership debts. The statute provides that the plaintiff may have "an attachment against the property of the defendant, or that of any one or more of several defendants, in any one or more of the following cases: Where the defendant is," etc. In *Moore v. Otis*, 20 Mo. 153, the suit was against B. F. Otis & —— Otis as partners, and the affidavit for attachment stated that both defendants were non-residents. The plea in abatement denied that the *defendants* were non-resi-dents. The suit was dismissed as to —— Otis, and a trial was then had on the plea in abatement. It was held that the only issue to be tried was whether B. F. Otis, the remaining defendant, was a non-resident. It does not appear whether the writ was or was not levied upon partnership property. The point of the decision is that the issue was whether the defendant partner was a non-resident, and not whether all the partners were subject to attachment. Under the statute there can be no doubt but an attachment can be sustained against one partner only on a partnership debt.

But it is said in Drake on Attachment: "Where several persons are jointly and severally liable for the same debt, the creditor may proceed by attachment against them all, if there exists a ground or grounds of attachment against all, or he may so proceed against any

Hill v. Bell.

one or more of them, in regard to whom any ground of attachment may exist. If the attachment be against all, it may be levied on the separate property of each, as well as on the joint property of all. If it be against a part of them, it can be levied only on the property of the one or more against whom it was issued. If it be for a partnership debt, and be issued against a part only of the members of the firm, it cannot be levied on the partnership property. To reach that, there must be grounds of attachment against all the members of the firm." Drake on Attachment [7 Ed.] sec. 77e.

Bates lays it down that an attachment will not be sustained against a firm, unless grounds for an attachment exist against all the partners, and this too, whether the partners are jointly, or jointly and severally, liable, or whether the firm is or is not regarded as an entity or a distinct being. 2 Bates on Partnership, sec. 1117. He states further that where a creditor of a partnership levies an attachment upon the property of one or more, but not upon all, of the partners, the attachment is governed by the same principles that apply where an attachment is levied by a creditor of one of the partners. sec. 1099.

In *Staats v. Bristow*, 73 N. Y. 264, suit was brought on a debt due by a firm against all the members thereof, and an attachment was issued against one partner, which was levied upon firm property. Judgment was obtained in the attachment suit, and under it the officer sold all the right, title and interest of the attached partner; *held* that the purchaser took nothing because the firm assets were insufficient to pay the firm debts. The ground of the ruling is that the attachment against one member of the firm could issue only against his individual property, and this individual property in the firm assets was his interest in the surplus after paying

partnership debts.   See also *Bogart v. Dart*, 25 Hun, 395.

These authorities show that an attachment against one partner only, levied upon partnership property, binds only the interest of the attached partner; and this is true though all the partners are defendants in the suit, and the debt sued upon is one due by them as partners.   The attachment holds and holds* only the attached partner's interest, and that is, his share in the surplus after the debts of the firm have been paid. Indeed, the underlying principle of the attachment act is, that an attachment can issue only against such defendants as have been guilty of some one or more of the matters therein specified as a ground of attachment; and the attachment when issued binds and holds only the property of the defendant against whom it is issued. Here the attachment was issued against both partners, but the finding is for one partner on his plea in abatement.   As to him the attachment must be abated, but it must stand as to the partner who made no defense. The effect of the abatement of the attachment as to one defendant is to leave it as if issued only against the other defendant.   The attachment will, therefore, hold and hold only the individual interest of Tistadt in the partnership property, and that is, his share of the surplus after the payment of partnership debts.   It follows, however, that the court erred in .abating the attachment as to both defendants.   It should be abated as to defendant Bell only.

2.   It is unnecessary to examine the instructions. They are favorable for the plaintiffs.   Indeed, we do not understand that any objection is lodged against them by the appellants.   The finding of the court is supported by the evidence, and is, therefore, conclusive as to this court.

It does not follow that the partnership property is to be lost to the creditors because this attachment must be dissolved as to Bell and stand good only as to the individual interest of Tistadt.   The adult partner has a right to insist upon the assets of the firm being applied to the payment of the firm debts, and the infant's right to rescind is subject to this equity.   Bates on Partnership, sec. 144.

The judgment is reversed and the cause remanded with directions to the circuit court to enter up a judgment on its former finding that the attachment be abated as to defendant Bell, but not as to defendant Tistadt.   BARCLAY, J., absent; the other judges concur.