THE STATE *ex rel.* S. L. NORTH, Appellant, v. SAMUEL HADLOCK *et al.*, Respondents.

Kansas City Court of Appeals, January 2, 1893.

1. **Sheriffs:** ORDER OF SALE: GOODS OF STRANGER. If a sheriff on an attachment writ against A seize the property of B, and if the court where the cause is pending shall order a sale of the property as perishable, and the sheriff sell thereunder, he will be liable to B on his official bond.

2. **Attachment:** ORDER OF SALE: PROCEEDING IN REM: VALID TITLE. Attachment is not a proceeding *in rem*, and does not bind a stranger thereto, but the proceeding therein which results in the sale of the attached property *pendente lite* is a proceeding *in rem* which confers a valid title on the purchaser, but the sheriff cannot shelter himself behind such title.

*Appeal from the Polk Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*Wallace Pratt* and *J. C. Cravens*, for appellant.

(1) Plaintiff's demurrer to the answer of the defendants, which merely attempted to avoid plaintiff's cause of action, should have been sustained. The facts stated in said plea were wholly insufficient to constitute a defense. *Young v. Kellar*, 94 Mo. 597; *Vaughan v. Allgaier*, 27 Mo. App. 527; *Vaughan v. Fisher*, 32 Mo. App. 35; *Buller v. Woods*, 43 Mo. App. 494. (2)

Although a sheriff may, by the seizure of the property of a stranger to the writ, vest the court with jurisdiction over it, he and his sureties are nevertheless liable in trespass, or trover to the real owner for the damages sustained. Drake on Attachment [5 Ed] sec. 196; *State ex rel. v. Hope*, 88 Mo. 430; *State v. Moore*, 19 Mo. 369; *State v. Fitzgerald*, 64 Mo. 185; *State ex rel. v. Koontz*, 83 Mo. 323. (3) The portion of the defendants' answer complained of is wholly insufficient under our practice. It states no facts, but legal conclusions only. The statute requires "a statement of any new matter constituting a defense, in ordinary and concise language, without repetition." Revised Statutes, secs. 541, 2049; *Northup v. Ins. Co.*, 47 Mo. 435; *Kersey v. Garton*, 77 Mo. 647; *Newham v. Kenton*, 79 Mo. 387; *Musser v. Adler*, 86 Mo. 449.

*Upton & Skinker*, for respondents.

(1) The defendants' answer stated a good defense. None of the authorities cited by appellant are against this position, and, so far as they touch this case, they support us. (2) Appellant's second proposition and his authorities in support thereof is entirely irrelevant to the issues raised by the demurrer in this case. (3) Defendants' answer does not state mere conclusions of law, but clearly states facts sufficient to constitute a defense. In pleading a judgment or order of court it is not necessary to state the facts conferring jurisdiction. Revised Statutes, 1889, sec. 2079; *Wickersham v. Johnson*, 51 Mo. 313. The answer was good on demurrer, and, if at all defective, its defects should have been reached by a motion to make more definite. Bliss on Code Pleading [1 Ed.] sec. 213.

GILL, J.—Relator North brought suit against defendant Hadlock (sheriff of Polk county) and the

sureties on his official bond, for damages alleged to have been sustained by reason of the wrongful seizure and sale of a certain lot of railroad ties belonging to the plaintiff, and which had been levied on by said sheriff in an action to which said relator was not a party.

The answer consisted of two counts; the first being a general denial, and the second as follows: After admitting that at the date of the alleged seizure Hadlock was sheriff, "defendants say that said Hadlock, as such sheriff, received from the clerk of the circuit court of Cedar county, Missouri, a duly certified copy of an order of sale, commanding him to sell the ties mentioned in plaintiff's petition, the same then being in the lawful custody of said circuit court of Cedar county, Missouri, and that by virtue of such order of sale he did on the first day of June, 1888, sell said ties as he was in duty bound to do."

To this last count plaintiff demurred, on the ground that it stated no defense. The demurrer was overruled, and, in the absence of a reply, the court entered judgment for defendants, as appears by the following judgment: "Now come the parties hereto by their respective attorneys, and this cause coming on for trial before the court upon the pleadings herein, and the plaintiff offering to prove the allegations of his petition, and the defendant having filed his answer, setting up new matter in justification, which is unreplied to, and the plaintiff having filed a demurrer to said portion of the answer, which demurrer is by the court overruled, and the plaintiff declining to plead further in this case, the court finds for the defendant upon the pleadings. It is, therefore, considered by the court," etc. From this judgment plaintiff appealed.

The action of the lower court—both in overruling the demurrer, and in giving judgment for defendants

on the face of the pleadings—was clearly erroneous. The theory adopted by the trial court amounts to this: If the sheriff on an attachment writ against A should seize the property of B, and if the court where the cause is pending shall order a sale of the property as perishable, then the execution of said order will deprive the true owner of his right of action against the sheriff for such wrongful levy. There is no rule of law that will justify this proposition.

While it is true the courts hold, where attached property is sold under an order of court, because of its perishable nature, that the purchaser takes a title good against the world (*Young v. Kellar,* 94 Mo. 581; *Buller v. Woods,* 43 Mo. App. 494), yet no case has gone so far as to say that such a sale of the attached property would take away the rights of a third party to sue the sheriff in trespass for having wrongfully levied on and sold his goods to satisfy the debt of another. It does not follow because a purchaser of the attached goods (sold under order of court because likely to perish during the litigation) gets a perfect title that, therefore, the property belonged to the attachment debtor. The title in that state of case is made to pass *ex necessitate rei,* and as a proceeding *in rem.* The true rule is thus declared in a Pennsylvania case, cited with approval in *Young v. Kellar, supra:* "Where cattle belonging to one person had been seized under attachment as the property of another person, sold on *mesne* process as perishable property, and the real owner brought trespass against the sheriff, it was held that he could maintain the action; that the proceeding by attachmnnt was not a proceeding *in rem,* and did not bind the plaintiff, but that the proceeding which resulted in the sale of the attached property *pendente lite* was a proceeding *in rem,* which conferred a valid

title on the purchaser, *though the sheriff could not shelter himself behind the valid title there acquired.*"

The judgment, therefore, of the circuit court must be reversed and the cause remanded. All concur.