STATE OF MISSOURI *ex rel.* ROBERT L. BELL, Appellant,
v. JEROME HILL *et al.*, Respondents.

St. Louis Court of Appeals, December 18, 1894.

1. **Attachment**: SUIT ON BOND BY DEFENDANT HAVING NO INTEREST IN ATTACHED PROPERTY. A defendant in a suit by attachment, who had no interest in the attached property, can not maintain an action on the attachment bond.

2. **Partnership**: DISAFFIRMANCE BY MINOR: DIVESTITURE OF PARTNERSHIP RIGHTS. If a member of a partnership, being a minor, disaffirms and overcomes his obligations as a partner on that ground, he thereby also divests himself of all interest in the partnership assets.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

AFFIRMED.

*Lubke & Muench* for appellant.

*Harvey & Hill* for respondents.

BIGGS, J.—The respondents, Hill, Fontaine & Company, instituted an attachment suit in the circuit court of Pemiscot county against the relator and Charles Tistadt, composing the firm of Bell & Tistadt. Partnership property only was attached. Tistadt made default. The relator filed a plea in abatement, putting in issue the alleged grounds of attachment against him. On the trial the issues were found in his favor, and the circuit court entered a judgment dissolving the attachment as to *both defendants*. From that judgment Hill, Fontaine & Company appealed to the supreme court. That court held that the judgment dissolving the attachment as to Tistadt was erroneous. In order to

correct this error the judgment was reversed and the cause remanded, with directions to the circuit court to enter a judgment abating the attachment as to relator, and affirming it as to Tistadt who made no contest. *Hill v. Bell*, 111 Mo. 35. In compliance with the mandate of the supreme court the circuit court finally disposed of the plea in abatement by abating the attachment as to the relator, and continuing it in force as to Tistadt.

It appears that just prior to the issuance of the attachment writ the relator notified Hill, Fontaine & Company that during the time he and Tistadt had been engaged in business he was a minor, and that he had determined to repudiate the partnership obligations. This brought about the attachment. After the plea in abatement had been determined, the relator interposed his plea of minority as a defense to the action, which, on the hearing of the cause, the court sustained. The action was then dismissed as to relator and judgment entered against Tistadt.

The present action is brought on the attachment bond given in the above mentioned cause. The relator asked for a judgment for his attorney's fees and expenses incurred in defending against the attachment, and also in defending against the action on the merits. The cause was submitted to the court without a jury, which resulted in a finding and judgment for the defendants. The relator has appealed, and complains of the refusal of the court to give the instructions asked by him.

It will not be necessary to set out the instructions, as we are of the opinion that, under the conceded facts, the judgment could not have been otherwise. The election of the relator to disaffirm the partnership obligations necessarily divested him of all interest in the partnership assets, for he could not renounce his liabil-

ity for the debts of the partnership and hold on to its benefits. Therefore, on principle, no action can be maintained by him on the bond, for the foundation of such an action is the wrongful seizure of the complainant's property. We can understand how an action on' the case for malicious attachment might, under such circumstances, be sustained, for the reason that in such an action damage other than than that to property may be recovered; but this is not the rule when the attachment is merely wrongful. The supreme court in the case of *Hill v. Bell, supra,* treated the right of the relator to contest the attachment as well founded, but that was prior to the filing and determination of the plea of minority.

The judgment of the circuit court will be affirmed. Judge ROMBAUER concurs; Judge BOND not sitting.