STATE OF MISSOURI ex rel. EMMA A. RIGBY, Respond-
ent, v. E. A. GOODHUE et al., Appellants.

St. Louis Court of Appeals, March 15, 1898.

1. Instructions: EVIDENCE: ATTACHMENT: DAMAGES. It is enough
to say that the instruction submitted fully all the facts which the
evidence and the admissions in the pleadings tended to show,
and told the jury that if these were found in plaintiff's favor she was
entitled to recover as actual damages the sum expended in attorney's
fees, in the attachment suit, for traveling expenses, and hotel bills
while attending the trial, in all not exceeding the amount claimed
in the petition.

State ex rel. v. Goodhue.

2. **Attachment Bond:** DAMAGES. In an action on an attachment bond the natural and proximate damages resulting from the suing of the writ are recoverable.

3. ———: ———. It is well settled that plaintiff was entitled to bring such action after a verdict on the merits in her favor as defendant in the attachment suit, although she filed no plea in abatement to that action.

4. ———: ———. In an action on an attachment bond the obligors are not permitted to question the sufficiency of the sheriff's return of levy or the legality of the attachment writ.

5. **Evidence:** LOST RECORD. The general rule is that if a record is lost its contents may be proved like any other document.

*Appeal from the Phelps Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

C. D. JAMISON and A. CORSE for appellants.

It must be accepted as the settled doctrine under our attachment act that there must be filed with the clerk a "Petition or other lawful statement or exhibit of his cause of action," and an affidavit and bond. R. S. 1889, ch. 10, secs. 525, 528. Otherwise the court acquires no jurisdiction to try the cause. Massey v. Scott, 49 Mo. 278; Drake on Attach., secs. 84–88; Talbot v. Woodlee, 19 Wis. 174; Staples v. Fairchild, 3 Comst. 41; Miller v. Brinkerhoff, 4 Denio, 118. If there be a failure in the affidavit every subsequent step will be *coram non judice*. Conrad v. McGee, 9 Yerg. 428; Page v. Ford, 2 Sm. & M. 266; Smart v. Howe, 3 Gibbs (Mich.), 590; Burnett v. McCluey, 78 Mo. 676. The memorandum or copy is not evidence. It can be used only for the purpose of refreshing the memory of the witness, who must speak from his recollection, thus refreshed, independent of the copy. Anchor Mills v. Walsh, 37 Mo. 567; Robertson v. Reed, 38 Mo. App. 32. Where, in an attachment

proceeding there is no personal service, jurisdiction can be obtained only by statutory publication. Massey v. Scott, 49 Mo. 278; Anderson v. Scott, 2 Mo. 15; Brown v. Woody, 64 Mo. 547.

Jos. J. CRITES for respondent.

Ordinarily, if a record be lost, its contents may be proved like any other document, by secondary evidence, when the case does not, from its nature, disclose the existence of other and better evidence. Foulk v. Couborn, 48 Mo. 225; Parry v. Walser, 57 Mo. 169; Addis v. Graham, 88 Mo. 197; Smith v. Lindsey, 86 Mo. 76. When judgment is rendered in favor of the attached defendant on the merits, he may sue on the attachment bond, although he did not plead in abatement of the attachment. State, etc., v. Bledsmeier, 56 Mo. 226.

BOND, J.—This petition alleges that E. A. Goodhue brought an attachment suit against the plaintiff on the ground of nonresidence, which on trial of the merits was decided in plaintiff's favor; that plaintiff's property was levied upon by a writ issued in said action, wherefore judgment is prayed for the penalty of attachment bond executed by defendants in said suit, to be satisfied on the payment of $161 and costs. The answer did not deny the execution of the bond, nor the termination in plaintiff's favor of the attachment suit, but made a specific denial of the other allegations contained in the petition. On the trial of this case plaintiff recovered a verdict for $111, whereupon judgment was entered in her favor for the penalty of the bond, to be discharged on payment of the above sum. Defendants appealed.

The evidence tending to show the amount of expense and cost to which plaintiff was put in defend-

ing the attachment suit is not contradicted in this record. It is, however, contended by appellants that the present record does not contain sufficient evidence to warrant any recovery, inasmuch as the original papers filed in the attachment suit were not introduced in evidence on the trial of the present suit. On the trial of this cause it developed that the petition, affidavit, bond, writ and abstract in the attachment suit were missing. The clerk of the circuit court testified to the fact that these papers were not in his office and could not be found by him. He also testified that the abstract was not in the recorder's office (he being the recorder). The attorney for plaintiff testified that he had searched for the papers and made many inquiries for them and had been unable to find them up to the date of the trial. One of the attorneys for defendants (A. Corse) also testified that he had inquired for the papers and had been unable to find them and had not seen them for six months. The clerk of the circuit court and *ex officio* recorder testified as to the contents of the papers in question, as did also the attorney for plaintiff, and their testimony tended to show that the papers were such as described in the petition in this cause. Appellants insist that the oral testimony of these witnesses was inadmissible.

We can not concur in that view. "The general rule is that if a record is lost its contents may be proved like any other document." Parry v. Walser, 57 Mo. 172. The question of the sufficiency of the preliminary proof of loss rests largely in the discretion of the trial court. Kleimann v. Gieselmann, 114 Mo. 437. "The object of the proof is merely to establish a reasonable presumption of the loss of the instrument." 1 Greenl. on Ev., sec. 558, p. 118, n. b.; Christy v. Cavenaugh, 45 Mo. loc. cit. 377. Proof as to the loss of the filing papers was sufficient under these authorities,

and hence the court did not err in overruling the demurrer to the evidence interposed by defendants in the form of a request for a peremptory instruction to find in their favor.

It is further insisted that the court erred in instruction number 1 given for plaintiff. This instruction is voluminous and need not be set out. It is enough to say that it submitted fully all the facts which the foregoing evidence and the admissions in the pleading tended to show, and told the jury that if these were found in plaintiff's favor she was entitled to recover as actual damages the sum expended in attorney's fees, in the attachment suit, for traveling expenses to and fro from her home to the county of Phelps, Missouri, where it was tried, and her hotel bills while attending said trial, in all not exceeding the sum claimed in her petition. The elements of damage specified in the instruction were clearly embraced in the established rule of law, that in an action on an attachment bond the natural and proximate damages resulting from the suing out of the writ are recoverable. State to use of Roe v. Thomas, 19 Mo. 613. It is also well settled that plaintiff was entitled to bring such action after a verdict on the merits in her favor as defendant in the attachment suit, although she had filed no plea in abatement to that action. State to use of Clifford v. Beldsmeier, 56 Mo. 226; State ex rel. Cantwell v. Stark, 57 Mo. 566. Much of the argument of the learned counsel for appellants in this case is devoted to the assumed want of evidence to show sufficient preliminary papers in the attachment suit. In an action on an attachment bond the obligors are not permitted to question the sufficiency of the sheriff's return of levy or the legality of the attachment writ, for if the writ has been actually levied, the party causing its issuance is not permitted to show that the

process which he had sued out and "set agoing" was not executed according to law. 1 Shinn on Attachment, sec. 189; State ex rel. Cantwell v. Stark, *supra*.

The judgment in this case will be affirmed. All the judges concur.