DUDLEY TALBOT, Respondent, v. GREAT WESTERN PLASTER COMPANY, Appellant.

Kansas City Court of Appeals, December 31, 1912.

1. **ATTACHMENTS: Voluntarily Dismissed: Damages.** Where an attachment is sued out on certain property and the attachment proceedings thereafter voluntarily dismissed, but not before the defendant has incurred expense and loss in preparing to contest the ground of attachment, the latter may recover damages in an action in the nature of an action on the case, if it be shown that no ground for attachment existed.

2. **ATTACHMENTS: Probable Cause.** The statute (Sec. 2294, R. S. 1909), allows an attachment to be issued only where certain facts exist and where no such facts exist, the procurement of a writ of attachment is wrongful regardless of whether or not there was probable cause for suing out the writ.

Appeal from Clay Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*William C. Forsee* and *Martin E. Lawson* for appellant.

Appellant's demurrer to the evidence should have been sustained. R. S. 1909, Secs. 2880, 2881; Snyder v. Free, 114 Mo. 370; Seeger's Sons v. Thomas Bros., 107 Mo. 641; Dougherty v. Cooper, 77 Mo. 531; Grocery Co. v. Ashton, 69 Mo. App. 469; Potter v. McDowell, 31 Mo. 69; Oberneier v. Tresseler, 19 Mo. App. 522; Eddy v. Baldwin, 32 Mo. 369; Hoffman v. Nolte, 127 Mo. 135. In order to sustain the attachment, appellant was not required to show that these acts were done with intent to defraud; if their effect was to hinder, delay or defraud, they were fraudulent in law. Noyer v. Cunningham, 51 Mo. App. 194; Reid v. Pelletier, 28 Mo. 173; Douglass v. Cissna, 17 Mo. App. 44. Appellant was not entitled in any event to recover anything for lost time or earnings, because he did not plead any such element of damages. Zongker v. Mercantile Co., 110 Mo. App. 382; Goodloe v. Railroad, 120 Mo. App. 194; Wellmeyer v. Transit Co., 198 Mo. 527. The burden rests upon respondent to show his items of damages. As he cannot recover expenses for counsel fees except such as were incurred in defending the attachment branch of the case, it devolved upon him to show that any expense he incurred for fees were incurred upon that branch of the case. This could not rest upon mere conjecture. Fry v. Estes, 52 Mo. App. 1; State v. McHale, 16 Mo. App. 483; State v. McKeon, 25 Mo. App. 680.

*Andrew F. Evans* and *George H. English, Jr.,* for respondent.

(1) The former decision in 151 Mo. App. 538 is *res adjudicata* of this appeal. Van Fleet's Former

Adjudication, Sec. 678; Esler v. Railroad, 115 Mo. App. 574; Rigsbey v. Oil Co., 130 Mo. App. 128; Turner v. Edmonston, 212 Mo. 377.   (2)   The voluntary dismissal of the attachment subjects appellant to liability for the actual damages and precludes inquiry into the truth of the affidavit upon which the attachment was issued.   Talbot v. Great Western P. Co., 151 Mo. App. 538; Bennett v. Bank, 61 Mo. App. 297; State to use v. McKeon, 25 Mo. App. 667; Sannes v. Ross, 105 Ind. 558; 5 N. E. 699; Vurpillat v. Zehner, 2 Ind. App. 397, 28 N. E. 556; Steinhardt v. Leman, 41 La. Ann. 835, 6 So. 665.   (3)  (a) Talbot's application of $300 to his individual debt was not ground for attachment, having been made with his partner's consent and before dissolution.   The contract claimed to show dissolution is inadmissible. Minter Bros. v. Railway Co., 56 Mo. App. 282; Brick Co. v. McTaggert, 76 Mo. App. 347; 2 Elliott on Ev., Secs. 1427, 1433, 1449; Traber v. Hick, 131 Mo. 180; Pierce v. Georger, 103 Mo. 540; Farrell v. Brennan, 32 Mo. 328; 1 Greenl. Ev., Sec. 562; France v. Lucy, 1 R. & M. 341; Jones v. Edwards, McClel. & Y. 139; Rose v. King, 5 S. & R. (Pa.) 241; 6 Am. & Eng. Ency. Pl. & Pr. 797.   (b)   Appellant cannot claim that the conveyance to the corporation of the assets of the partnership was a ground for attachment, having recognized the validity of such transfer by accepting payment from the corporation on its debt.   Gutzwiller v. Lackman, 23 Mo. 168; Torreyson v. Turnbaugh, 105 Mo. App. 439; Thompson v. Cohen, 127 Mo. 215; Glass Co. v. Baldwin, 27 Mo. App. 44; Burnham-Munger v. Smith, 82 Mo. App. 35; Valentine v. Becker, 43 Mo. 582.   (c)   Appellant cannot claim that the transfer to Brent of the shares of stock issued to Talbot was a ground of attachment, for it recognized the validity of that transaction by becoming the purchaser of said shares at the execution sale under its judgment against Talbot.   Tyler v. Hamblin, 58 Tenn. (11 Heisk.) 152;

Sickman v. Abernathy, 14 Colo. 174; 23 Pac. 447;
Theriot v. Michel, 28 La. Ann. 107.

JOHNSON, J.—Plaintiff sued to recover actual
and punitive damages for the wrongful and malicious
prosecution of a suit by attachment. The case has
been here on two former appeals, the first of which was
taken by defendant and the second by plaintiff, and on
each occasion we reversed the judgment and remanded
the cause on account of errors in instructions. [86
Mo. App. 558 and 151 Mo. App. 538]. After the last
reversal plaintiff amended his petition in conformity
with a suggestion in the last paragraph of our opinion.
Defendant answered and before trial the parties
agreed to waive a jury and to submit the case on the
evidence introduced at the former trial and the agreed
additional testimony of a witness relating to the sub-
ject of the amendment to the petition. Plaintiff also
agreed to waive his demand for punitive damages and
the cause submitted to the court was the alleged wrong-
ful act of defendant in causing a writ of attachment
to be issued in aid of an action against plaintiff begun
by him in a justice court and in having certain shares
of stock in a private corporation seized under that writ
as the property of plaintiff. Plaintiff claims that he
sustained actual damages in consequence of the wrong-
ful attachment. The court found in his favor and as-
sessed his damages at twenty-five dollars. Defendant
appealed.

The action is not on the attachment bond given by
defendant but is in the nature of a common law action
on the case for the wrongful act of defendant in caus-
ing plaintiff's property to be seized under a process
which defendant caused to be issued and levied on a
ground which, in fact was nonexistent. Some time
after the seizure, defendant voluntarily dismissed the
attachment proceeding but not until plaintiff had in-

curred expense and loss in preparing to contest the ground of the attachment. At the request of defendant the court gave declarations of law to the effect that the mere dismissal of the attachment proceedings was not conclusive evidence of a wrongful attachment and that plaintiff could not recover if any ground of attachment, in fact, existed. We do not find it necessary to express our opinion on the question of the soundness of this rule. In rendering judgment for plaintiff, the court found, as a fact, that when the writ was sued out there was no ground of attachment. This finding is supported by substantial evidence and, therefore, is not open to review on appeal. . But defendant complains of the refusal of the court to hold that plaintiff could not recover if defendant had probable cause for a belief that he had a true ground for procuring a writ of attachment. Our statute (Sec. 2294, R. S. 1909) allows an attachment to be issued only when certain facts exist—not when there is probable cause to believe they exist. When no such facts do exist, the procurement of a writ of attachment is wrongful and in an action on the case founded on such wrong, the defendant in the attachment suit may recover compensatory damages regardless of whether or not the plaintiff had probable cause for suing out the writ. The good faith of plaintiff is without effect on such cause. We discussed this subject fully in our last opinion and see no reason for changing the views there expressed. The case was tried without prejudicial error.

Judgment affirmed. All concur.