STATE OF MISSOURI, at the Relation and to the Use of T. C. PINKLEY, Respondent, v. BESSIE YOUNT, SEIBERT YOUNT, WLL E. YOUNT, FANNIE Y. DeLISLE, DICK DeLISLE, IONA Y. DAVIS, J. W. CRONAN, IDA M. CRONAN, R. LEE WLLIAMS, W. E. DAVIS and FREDDIE Y. WILLIAMS, Appellants.

Springfield Court of Appeals, December 14, 1914.

1. ATTACHMENTS: Bond: Liability of Sureties: Variance in Name in Caption and Condition of Bond. The first name of the plaintiff was correctly given in the caption of the bond in attachment but incorrectly given in the condition. Where no showing was made that there had ever been any other action in the county by the person named in the condition the defendant in the attachment suit can recover against the sureties on the bond after the attachment is dissolved.

2. EVIDENCE: Secondary Evidence: Discretion of Trial Court in Admitting. It is largely within the discretion of the trial court when secondary evidence should be admitted and when sufficient proof of the loss of a written instrument has been made.

3. ———: ———: Preliminary Proof. In an action on an attachment bond, proof of the loss of the papers in the attachment suit considered sufficient to authorize the admission of secondary evidence as to their contents.

4. ATTACHMENTS: Bond: Sureties Liable for What. After a dissolution of an attachment by judgment for defendant on the merits, the sureties on the attachment bond are liable for the traveling expenses, loss of time, cost of taking depositions and attorney's fees expended in defending the attachment.

5. ———: ———: Conditions: Meaning. The condition in an attachment bond that the plaintiff would "prosecute her action with effect" means "with success."

Appeal from New Madrid County Circuit Court.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*Oliver & Oliver* for appellants.

(1) The appellants as accommondation sureties are facorites of the law and have a right to stand upon the strict terms of their obligation. State v. Thomas, 19 Mo. 616; Douglass v. Reynolds, 7 Peter (U. S.) 113; Brant on Suretyship and Guaranty, sec. 79. (2) The statute was not designed to give damages beyond the natural and approximate damages resulting from the running of the attachment. This is the language of the Supreme Court in a direct construction of the statute. State ex rel. v. Thomas, 19 Mo. 613; State ex rel. v. Fargo, 151 Mo. 291. (3) Our courts have uniformally held that where plaintiff fails on the plea in abatement his liability on the bond does not extend to defendant's expenses in the trial on its merits. Upon what possible reason should he be held liable if he be successful on the plea in abatement, either by reason of his own activity or the slothfulness of his adversary? State ex rel. v. Fargo, 151 Mo. 291.

*Thomas Gallivan, R. L. Ward* and *L. L. Collins* for respondent.

(1) In Missouri and Mississippi, if the attachment is not dissolved until final judgment on the merits, and a contest upon them was necessary to procure its dissolution, there may be a recovery of the whole costs and expenses. 2 Sutherland on Damages, sec. 516, p. 1416. Citing: State v. McHale, 16 Mo. App. 478; State v. Thomas, 19 Mo. 613, Am. Dec. 580; State v. Beldsmeier, 56 Mo. 225; State v. Stark, 75 Mo. 566. (2) Necessary attorneys fees, railroad fare, traveling expenses, lodging and board and expense in attending trial, visiting and consulting counsel and looking up evidence and preparing for trial, are proper items of damage for an attachment suit. State ex rel. v. Allen, 144 Mo. App. 243; State ex rel. v. Beldsmeier, 56 Mo.

226; Talbott v. Plaster Company, 151 Mo. App. 544. (3)  The bond covers any damages in any proceeding connected with or growing out of the suit.  Moses et al. v. State, 10 Mo. 215; State to use v. O'Neil, 4 Mo. App. 221; State v. McHale, 16 Mo. App. 478; Section 2335, R. S. 1909.  (4) When secondary evidence should be admitted and when sufficient proof of the loss of a written instrument which would be admissible evidence if obtainable is largely in the discretion of the trial court.  Liles v. Liles, 183 Mo. 326.

FARRINGTON, J.—This is a suit on an attachment bond in which the relator T. C. Pinkley recovered a judgment for $916.30.  The verdict of the jury was as follows:

"We the jury find the issues for the plaintiff, relator, and assess his damages as follows:

| | |
|---|---:|
| Plaintiff's expenses traveling and hotel bill | $ 85.30 |
| Plaintiff's loss of time | 60.00 |
| For taking depositions | 21.00 |
| For attorney fees for defending attachment | 750.00 |

And find the total amount of plaintiff's damages to be $916.30."

Judgment thereon was rendered and defendant appealed.

A suit was begun by Bessie Yount against the relator herein seeking to recover damages for slander alleged to have been uttered by relator, and a writ of attachment was sued out in aid of the action and an attachment bond given in the sum of ten thousand dollars, signed by "Besse" Yount and a number of sureties (the appellants herein) which bond was approved by the circuit clerk.  The caption of the bond was as follows: "Bessie Yount, plaintiff, against T. C. Pinkley, defendant—attachment in a Civil Action."  In the condition of the bond it is recited that "whereas Bess Yount as plaintiff is about to commence a suit by attachment," etc.  The bond is in the form prescribed

by statute and provides that plaintiff "shall prosecute her action without delay, and with effect."

All the papers in the slander and attachment suit were missing from the circuit clerk's office except the attachment bond and a few unimportant papers connected with the case which had been placed in the safe by the clerk. In the file where these attachment papers were usually kept was found the receipt of James V. Conran, the attorney for Bessie Yount in the slander suit. The evidence showed that he was dead at the time of this trial. The circuit clerk testified that he had searched his office and was unable to find the papers. Likewise, M. J. Conran, testified that he was the administrator of the estate of James V. Conran and that he had been unable to find these papers.

Relator offered in evidence the record entries in the circuit clerk's office showing that an answer was filed in the slander suit on September 18th and that on the same day a plea in abatement was filed. It was shown by an entry made on September 28th that the court made an order striking from the files the plea in abatement, reciting that the defendant having answered to the merits waived the plea in abatement, and reciting that the attachment would be sustained. This left the slander suit standing for trial on the merits with the attachment sustained.

The defendant employed a firm of lawyers in New Madrid county and a firm in Pemiscot county to defend him in the slander suit, as well as an attorney at Sedalia, Mo., who took some depositions in the case.

The testimony of the relator supports the finding of the jury as to the items hereinbefore set out.

When the slander suit was tried on the merits it resulted in a judgment for the defendant (relator). A motion for a new trial was filed by Bessie Yount which was withdrawn and no further steps taken. There remained the judgment on the merits in the slander suit

in defendant's (relator's) favor, which necessarily dissolved the attachment.

In this action on the attachment bond the relator dismissed as to defendant Bessie Yount and took judgment against the other defendants—the other signers of the attachment bond who were sureties.

The appellants contend, first, that as they were sureties they are entitled to the benefit of the rule *strictissimi juris* and the condition of the bond was that they would be bound in the suit in which "Bess" Yount was plaintiff, they cannot be held on the bond since it is shown that the plaintiff was Bessie Yount. We have stated that the bond was entitled "Bessie" Yount and there can be no doubt that the bond was made to respond in case any damages were occasioned by such suit. There is no showing or attempt to show that there was ever any other suit in that county wherein "Bess" Yount was plaintiff and in which appellants were not sureties on a bond. Without further discussion we hold that there is no merit in this contention.

Appellants assign error in the admission of oral testimony as well as the record entries because, they contend, it was not sufficiently shown that the original papers were lost. The clerk testified that he had searched his office and all he could find was the receipt for the papers in the attachment suit, and the administrator of the attorney's (Conran's) estate testified that he had made a search and could not find the papers among his intestate's effects. It is largely within the discretion of the trial court to determine when secondary evidence should be admitted and when sufficient proof of the loss of a written instrument has been made. [Liles v. Liles, 183 Mo. 326, 81 S. W. 1101.] It is held in the case of Eminence Land & Min. Co. v. Current River Land & Cattle Co., 187 Mo. 420, 86 S. W. 145, that those who have read a sheriff's return prior to the loss may testify concerning it where such return

is shown to be lost. A case very similar to the one before us is that of State ex rel. Rigby v. Goodhue, 74 Mo. App. 162, wherein the question of lost papers is discussed and cases cited. This point is ruled against the appellants.

The items found by the jury are such as may be recovered in a suit on an attachment bond where the condition has not been fulfilled. [State ex rel. Bigby v. Goodhue, supra; State ex rel. Cole v. Shobe, 23 Mo. App. 474; State to use of Burton v. McKeon, 25 Mo. App. 667; State to use of Roe v. Thomas, 19 Mo. 613; State to use of Clifford v. Beldsmeier, 56 Mo. 226; State to use of Hayden v. McHale, 16 Mo. App. 478; State to use of Russell v. Fargo, 151 Mo. 280, 52 S. W. 199; and State ex rel. Shipman v. Allen, 144 Mo. App. l. c. 243, 128 S. W. 809.] In other words, it is held that any fees or damages or expenses incurred in defending an attachment suit prior to the dissolution of the attachment are recoverable in a suit on the attachment bond. This case is distinguishable from those cases wherein the defendant in an attachment suit gives bond and has the property released prior to the adjudication, as well as those where the attachment is dissolved and after that the defendant incurs expense to defend the action on the merits.

In an attachment suit the defendant may defeat the attachment in two ways, one by a plea in abatement, the other by a judgment on the merits. In this case, the court dismissed the plea in abatement because of the answer to the suit on the merits. It required, therefore, the judgment on the merits in the slander suit to dissolve the attachment as it was in force and undissolved until that judgment was rendered.

The condition of the bond was that plaintiff would prosecute her action "with effect." This means *with success*. [Campbell v. Harrington, 93 Mo. App. l. c. 324, 325.]

While the attachment statutes have since the creation of the State undergone some changes, none of the decisions have been permitted to stand by the higher courts which held that where an attachment is dissolved by a judgment on the merits for the defendants he will not be permitted to recover such items as are included in the verdict in this case from the signers of the bond.

Finding no error in the record, the judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.