## FRANK GUINTA, Respondent, v. JACK DANIELS DISTILLING COMPANY, Appellant.

St. Louis Court of Appeals. Opinion Filed September 18, 1922.

1. **MALICIOUS ATTACHMENT: Property Wrongfully Seized as Owned by Partnership: Attachment Dismissed and Judgment in Favor of Owner on Merits: Cause of Action Accrues.** Where a writ of attachment was sued out against two defendants as partners and one defendant denied the partnership, claimed the property levied on under the attachment, and defended the action, and the attachment was dismissed as to him and a judgment was rendered in his favor on the merits, and the other defendant did not defend, and there was a judgment against him sustaining the attachment and on the merits, *held* such judgment sustaining the attachment and on the merits, was not an adjudication that such defendant was the owner of the goods seized, and not *res adjudicata* as to the rightfulness of the attachment or conclusive upon the successful defendant as to the ownership of the property attached, and consequently plaintiff, the successful defendant in the attachment suit, had a cause of action for wrongful seizure of the property.

2. **ATTACHMENTS: Third Party Claims: Statute: Applies only to Persons Other Than Defendants in the Execution.** A written notice claiming ownership of the property, etc., given under section 2874, Revised Statutes 1919, by a defendant to the constable who executed a writ of attachment to compel the constable to take of the plaintiff an indemnity bond, was not binding on the constable because said section applies only to persons other than the defendant in the execution; and no issue was raised in the attachment suit by reason of the giving of said notice.

3. MALICIOUS ATTACHMENT: Ownership of Attached Property: Two Defendants: Judgment Sustaining Attachment as to One: Ownership not Decided. In an attachment suit against two persons as partners, where the attachment was sustained and a judgment on the merits against one of the parties only, and there was no finding made by the court as to the ownership of the property attached, its judgment sustaining the attachment did not decide such ownership.

4. ———: ———: Attachment Sustained Only Against Codefendant: Other Defendant not Precluded from Right to Maintain Action for Malicious Attachment. A defendant in an attachment execution, against whom the attachment has been dismissed, and in whose favor a judgment on the merits has been rendered, is not precluded from recovering in a suit for wrongful prosecution of the attachment because the attachment against the property attached was sustained against his codefendant.

5. APPEALS: Attachment Dismissed. Judgment in Favor of Defendant on Merits: Remedy by Appeal not Open. The remedy by appeal was not open to a defendant from a judgment rendered in his favor in an attachment suit, because no judgment was rendered against him from which to perfect an appeal.

6. MALICIOUS ATTACHMENT: Attachments: Failure to Prosecute Action Without Delay and With Effect: Damages. An attachment writ is issued only on condition that the plaintiff will prosecute his action without delay and with effect, and in case of failure to do so he is liable for all such damages that may accrue to the defendant by reason of the attachment, whether the attachment be defeated either by successful plea in abatement or by a judgment in favor of the defendant on the merits.

7. ———: Evidence: Partnerships: Credit Reports: Admissions. In an attachment suit against two defendants as partners, credit reports purporting to show a partnership between them which were signed by one defendant as the authorized agent of the other defendant—plaintiff in the present action for malicious attachment of his property—are not such admissions by the plaintiff of the truth of the grounds of the attachment relied on, or that the debt sued on was a partnership debt, or that the goods levied on were partnership property, as would preclude him from maintaining an action for malicious attachment on the dismissal of the attachment suit as to him.

8. ———: Damages: Excessive Damages. In an action for malicious attachment, where plaintiff recovered a judgment for $1500 actual damages and $2000 punitive damages, and voluntarily remitted

$700 from the verdict for actual damages, and subsequently entered a compulsory *remittitur* of $1000 on the award for punitive damages, judgment being entered for the residue, *held* under the evidence such judgment was not excessive.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*Fordyce, Holliday & White,* for appellant.

*Louis J. Portner* and *Robert Burnett,* for respondent.

BRUERE, C.—This action is one to recover actual and punitive damages for the alleged wrongful and malicious prosecution of a writ of attachment.

Upon the trial of the cause the jury rendered a verdict against the defendant, appellant here, for fifteen hundred dollars actual damages and two thousand dollars punitive damages. The plaintiff voluntarily remitted seven hundred dollars from the verdict for actual damages and subsequently entered a compulsory *remittitur* of one thousand dollars on the award for punitive damages and judgment was entered for the residue; from this judgment defendant appeals.

The writ of attachment was sued out by the defendant herein, before a justice of the peace, in an action brought by it against the plaintiff herein and Dominic Guinta, doing business as Guinta Grocery Company, based on an alleged account, for whisky purchased of defendant, in the amount of two hundred eighty-five dollars and twenty-seven cents.

The defendant on May 28, 1917, had the writ levied upon a stock of merchandise as the joint property of Frank and Dominic Guinta. On June 7, 1917, this stock was, during the pendency of the suit, sold by order of the justice as being perishable property.

The affidavit filed in the attachment suit averred, as grounds for attachment, that the defendants therein had

fraudulently contracted the indebtedness sued upon and that they had concealed their property so as to hinder or delay their creditors.

The attachment suit was defended only by Frank Guinta, the other defendant, Dominic Guinta, although duly served, not entering his appearance. On June 4, 1917, Frank Guinta delivered to the constable, who executed the writ of attachment, a written notice verified by his affidavit, wherein he claimed the property, levied on under the writ of attachment, as absolute owner and denied that he was a partner with Dominic Guinta or that he was indebted to the attachment creditor. Frank Gunta filed no plea in abatement, but filed with the justice an answer denying the alleged partnership and denying that he purchased any of the goods sued upon or that he was indebted to the attachment creditor.

On the trial the issues were found in favor of Frank Guinta. The judgment rendered by the justice being as follows: "Attachment dismissed as to Frank Guinta. Attachment sustained as to Dominic Guinta for two hundred eighty-five dollars. Judgment for plaintiff against Dominic Guinta for two hundred eighty-five dollars." No appeal was taken from said judgment.

Among the errors assigned, the one of most consequence relates to the overruling of a demurrer offered by the defendant at the close of all the evidence. It is contended that the demurrer should have been sustained for the reason that the plaintiff has no cause of action for wrongful seizure of the goods in question because the attachment against the goods was sustained. It is argued that said judgment was an adjudication that Dominic Guinta was the owner of the goods seized and res adjudicata as to the rightfulness of the attachment, and conclusive upon the plaintiff, who took no appeal, as to the ownership of the property attached.

To this contention we cannot agree. The attachment as to the plaintiff herein was dismissed and a judgment was rendered in his favor on the merits. The case then

stood just as if the attachment had been issued only against Dominic Guinta and the judgment sustaining the attachment as to him did not render the property attached subject to the judgment rendered against Dominic Guinta, if the property belonged to the plaintiff herein.

The written notice given to the constable, who executed the writ of attachment, wherein the plaintiff claimed the goods, seized under the writ of attachment, as his own, was not before the justice in the attachment suit. This was a notice given under section 2874, Revised Statutes of Missouri, 1919, to compel the constable to take of the plantiff a bond conditioned to indemnify plaintiff against all damages which he might sustain in consequence of the seizure and sale of the property levied upon. It was not binding on the constable because said section applies only to persons *other than the defendant in the execution,* and no issue was raised in the attachment suit by reason of the giving of said notice.

In the attachment suit there was no finding made by the court as to the ownership of the property attached and its judgment sustaining the attachment does not decide such ownership.

Furthermore if the contention advanced by counsel, that a defendant in an attachment execution, against whom the attachment has been dismissed and in whose favor a judgment on the merits has been rendered, is not entitled to recover in a suit for wrongful prosecution of the writ of attachment because the attachment against the property attached was sustained against his co-defendant, be construed as correct, then such a defendant would be without legal remedy for the wrongful seizure and sale of his property. The law does not perpetrate such injustice.

But counsel argues that the plaintiff herein slept on his right to appeal from the judgment rendered in the attachment suit. The remedy by appeal was not open to the plaintiff because no judgment was rendered against

him from which to perfect an appeal. A judgment was rendered in the main action in his favor from which defendant took no appeal. There can be no doubt, therefore, that an action has accrued in plaintiff's favor for injuries caused by the attachment. [Talbot v. Plaster Co., 151 Mo. App. 538, 132 S. W. 15; Hill v. Bell, 111 Mo. 44, 19 S. W. 959; Boekhoff v. Gruner, 47 Mo. App. 24; State ex rel. North v. Hadlock, 52 Mo. App. 300; State ex rel. v. Goodhue, 74 Mo. App. 162; State to use v. Beldsmeier, et al., 56 Mo. 226; Toovey v. Baxter, 59 Mo. App. 474; Talbot v. Plaster Co., 167 Mo. App. 542, 152 S. W. 377; Fry v. Estes, 52 Mo. App. 1; State v. Yount, 186 Mo. App. 258, 172 S. W. 431.]

Counsel for defendant further contend that the plaintiff is not entitled to a recovery because he failed to file a plea in abatement in the attachment suit, putting in issue the facts alleged in the affidavit on which the attachment was sued out.

In the case at bar a final judgment was rendered in the main action in the attachment suit in plaintiff's favor, plaintiff was therefore entitled to bring this action, although he filed no plea in abatement in the attachment proceeding.

In passing upon this question, SHERWOOD, Judge, in State to use v. Beldsmeier, et al., 50 Mo. l. c. 230 says: "If the proposition advanced by the defendants, that the relator is not entitled to a recovery because of his defending and defeating the action against him on the merits, instead of by means of a dilatory plea, be construed as correct, this result will follow: That the statute will become an engine of incalculable and intolerable oppression in the hands of any unscrupulous man, who, with impunity, could attach the property of a non-resident, keep the case pending in court from year to year, and then dismiss or bring it to trial at his leisure without incurring any liability beyond the paltry expense of an ordinary suit, simply because the defendant, although not his debtor, was unable to successfully plead

in abatement. The law does not perpetrate such gross injustice and palpable absurdity.''

Moreover, under our statute an attachment writ is issued only on condition that the plaintiff will prosecute his action without delay and with effect, and in case of failure so to do he is liable to all such damages that may accrue to the defendant by reason of the attachment. The attachment may be defeated either by a successful plea in abatement or by a judgment in favor of the defendant on the merits.

The defendant herein having failed to prosecute his action with effect became liable to the plaintiff. [State v. Yount, 186 Mo. App. l. c. 263, 172 S. W. 431; Boekhoff v. Gruner, 47 Mo. App. 22; State ex rel. v. Goodhue, 74 Mo. App. 162; Corpus Juris, Vol. 6, p. 500; Secs. 1766 and 1731, R. S. 1919; McLaughlin v. Dewett C. Davis, 14 Kans. 169; Jerman v. Stewart, Fed. Rep., Vol. 12, p. 266; Kirksey v. Jones, 7 Ala. 626; Renkert v. Elliott, 79 Tenn. 251.]

At the trial the defendant introduced certain credit reports which were signed by Dominic Guinta, as the authorized agent of the plaintiff, and delivered by him to a commercial agency and received by the defendant. These reports show that Frank and Dominic Guinta were partners and it is claimed by defendant that it relied on said reports in bringing the attachment.

Counsel for defendant contend that because defendant relied on these reports, and based the attachment on them, the plaintiff is precluded from instituting an action for malicious prosecution. In support of their contention they invoke the doctrine that an action for malicious attachment cannot be maintained, on the dismissal of the attachment, when the attachment was sued out on grounds the existence of which was previously admitted by the attachment defendant to the attachment plaintiff.

There was evidence introduced showing that, shortly before the writ of attachment was issued, Dominic Guin-

ta informed Mr. Heffernan, the president of the defendant corporation, that the goods seized belonged to the plaintiff herein, and that when this information was given to Mr. Heffernan he replied that he would close the store unless the account was paid.

The statement, made in said reports, that Dominic and Frank 'Guinta were partners, cannot be held to be an admission by the plaintiff, or his agent, of the truth of the grounds of attachment relied on.

The fact that such a partnership existed did in nowise prove that the debt sued on was a partnership debt or that the goods levied on were partnership property.

Furthermore it cannot be said that the defendant relied exclusively upon the statement contained in said reports, in suing out the writ of attachment, in view of the evidence that it had been informed that the property attached was not partnership property. We rule the point against defendant.

Defendant further contends that the judgment is excessive. While it may appear large the evidence sustains it. We feel that we could not reduce the judgment herein without violating the rule governing the appellate courts of this State in passing on the question of excessive damage.

It would needlessly lengthen this opinion to consider appellant's other assignments of errors. It is sufficient to say we find no error which would warrant a reversal of the judgment herein.

It follows that the judgment should be affirmed; the commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.